### CENTRAL UNION TRUST CO. OF NEW YORK v. EDWARDS, Collector of Internal Revenue.

(District Court, S. D. New York. May 25, 1922.)

Internal revenue ⬤⟳9—Corporation tax; "capital stock."

The tax imposed on corporations by Act Sept. 8, 1916 (Comp. St. § 5980a), is not a property tax, but an excise imposed on the privilege of doing business in corporate form as a going concern, and in measuring the value of its capital stock for purposes of the tax the good will of the corporation, its favorable contracts, amount of business done, and its profitable character are elements to be taken into consideration, as well as the value of its tangible property, less its debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Stock.]

At Law. Action by the Central Union Trust Company of New York against William H. Edwards, Collector of Internal Revenue for the Second District of New York. Judgment for defendant.

Larkin, Rathbone & Perry, of New York City (John M. Perry, of New York City, of counsel), for plaintiff.

William Hayward, U. S. Atty., of New York City (Richard S. Holmes, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GRUBB, District Judge. This case presents for decision the meaning of the words "capital stock," used in section 407, title IV, Excise Tax Act of September 8, 1916 (Comp. St. § 5980a). The plaintiff contends that the true meaning of the words is the paid-in capital, together with surplus and undivided profits, less liabilities, or the net value of the capital assets of the corporation, after deducting its debts. The collector applied a different method of reaching the value of the "capital stock" of the plaintiff corporation, and one which increased the amount of the tax due over that which would have been due according to the method contended for by the plaintiff. If the method contended for by the plaintiff is not a correct one, the plaintiff offers no criticism of that actually adopted by the collector; so that the single question presented is whether the method for which the plaintiff contends is the only proper one under the statute.

The method which the plaintiff says should have been adopted by the collector in measuring the tax takes into consideration only the net worth of the tangible assets of the corporation, and does not take into consideration such elements as franchises, good will, existing contracts,

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and established business. The tax imposed by the statute is not a property tax. It is an excise imposed upon the privilege of doing business in corporate form, as a going concern. The value of this privilege is the obvious way to measure the tax. The value of the business of a going concern depends upon its good will, favorable contracts, amount of business done, and its profitable character, as well as upon the value of its tangible property less its debts. It would seem wrong to eliminate these factors of value, if the tax is to be measured by the value of the enterprise as a going concern. They enter into the market value of the share stock, and are represented in the earning capacity of the corporation. It would therefore seem to be competent for the collector to consider in estimating the value of "capital stock," in addition to the net worth of the corporation, as shown by its books, such elements of intangible value as good will, favorable contracts, amount and character as to profits of the business done, and also past earnings and the market value of the stock. The method insisted upon by the plaintiff as being the only correct one would eliminate all these factors from the computation, and base it exclusively upon the paid-in capital, together with surplus and undivided profits. The character of the tax and the subject-matter of its imposition seem to me to forbid such an exclusion, unless it is made necessary by the language of the statute itself.

If the words "capital stock" had but one meaning, viz. the money paid and property contributed to the corporation by its shareholders, the plaintiff's contention that, by the unambiguous terms of the statute, only paid-in capital, together with surplus and undivided profits, could be considered in the measurement of the value upon which the tax is estimated, would be correct. The words "capital stock," have been so construed by some authorities, when employed in statutes imposing taxes. It is also true that they have by other courts been construed to have a different and broader meaning, when used in acts of the same character. The conclusion to be drawn from the authorities would seem to be that the signification to be accorded these words is to be determined in each such act by the character of the particular act under construction, and by the language used, and by the context. They may mean either net worth, as shown by the books—i. e., the value of the tangible corporate assets, less liabilities—or they may mean the value of the entire enterprise as a going concern, including franchises, good will, etc., as represented by the excess value of the market price of the share stock over and above its book value. In each act, the meaning of the words is to be ascertained by reference to the language used, and to the purpose of the act containing them.

The act in question provides for the annual payment of "a special excise tax with respect to the carrying on or doing business by such corporation * * * equivalent to 50 cents for each $1,000 of the fair value of its capital stock and in estimating the value of its capital stock the surplus and undivided profits shall be included * * * the amount of such annual tax shall in all cases be computed on the basis of the fair average value of the capital stock for the preceding year." The words employed indicate rather an appraisal of the value of the "capital stock," arrived at by considering various factors of value, by

282 F.—64

the exercise of judgment, than by auditor's exact determination of the value of the net worth of tangible assets, taken from the corporate books of account. If the value of good will and franchises, earnings, and market value of shares are eliminated as factors of value, then the computation of value would in no sense be an estimation; the value would be the exact value, rather than the fair value, and it would have been made determinable as of the end of a fiscal year, rather than by "the fair average value of the capital stock for the preceding year."

The act provides that "in estimating the value of capital stock, the surplus and undivided profits shall be included." Plaintiff contends that these words restrict the computation to the par value of the capital stock, plus surplus and undivided profits. I think the purpose of the insertion of these words was to make certain that these two factors should be considered, but not to eliminate other factors equally as important. If the purpose was to so narrow the elements to be considered, there was apt language to accomplish this purpose in previous congressional legislation. Act Cong. Oct. 22d, 1914, § 3 (38 Stat. 750). The language and context seem more favorable to the defendant's interpretation than to that of the plaintiff, since they imply an estimation to be based on judgment exercised rather than the mere computation of an accountant. The legislative discussion of the act upon the floor of the House of Representatives and the statements of the chairman of the committee in charge of the bill are persuasive that the defendant's construction was that which was in the minds of the legislators. Congressional Record, House of Representatives, September 7, 1916, 64th Congress, First Session, vol. 53, pt. 13, pp. 14, 118.

After the Act of September 8, 1916, had received from the Commissioner of Internal Revenue the construction now contended for by the defendant, Congress enacted the Revenue Act of 1918, containing section 1000a (Comp. St. Ann. Supp. 1919, § 5980n) in the same language as of section 407 of the Act of September 8, 1916, except that the rate was doubled and the deduction lowered. The Senate had amended the House Bill, so as to make the basis of the tax the amount of the net assets shown on the books as of the close of the preceding income tax year. This amendment was rejected by the House, and the Senate receded from it in conference. This is persuasive that the words "fair average value of the capital stock" were not thought by that Congress to be synonymous with the net worth of physical assets as shown by the corporate books.

For the reasons stated, I do not think the construction advanced by the plaintiff is a correct one. I believe the collector was confronted with the proposition of determining the value of the corporation's business and property as an entirety and as a going concern, and in doing so had the right to look to the net worth of the corporate assets, including its surplus and undivided profits, as shown by its books; also to the franchises, good will, outstanding contracts, the earning capacity of the corporation, and the market value of its share stock over the preceding year, and, after having done so, was authorized to arrive at a value for its entire capital stock, representing the enterprise as a going concern, according to his best judgment, and that the value, so ascertained, would

be the "fair average value of the capital stock for the preceding year," by which the tax by the terms of the statute is to be measured.

This the collector did, and this conclusion requires the direction of a verdict in favor of the defendant; and it is so ordered.