Gkaham:, Judge,
delivered the opinion of the court.
The facts in this case are fully stated in the findings of fact. The defendant on June 25, 1917, entered into a contract with the- plaintiff for supplying certain automobile chassis in accordance with the terms of its proposal in response to the defendant’s request for a bid. The plaintiff’s proposal contained the following provision:
“ The fulfillment of this proposal will be subject to other requirements and demands of the United States Government, and any special taxes imposed by National or State governments, which will be added to the above prices.”
This provision was inserted in the proposal after the plaintiff had conferred with the proper representative of the defendant as to the propriety of inserting it, and whether such an arrangement would be incompatible with the practice of the department, and it was assured that it would not be and was advised to insert it. Its proposal as presented was accepted and a contract awarded to it. Its proposal contained a base sum as payment for the chassis with the above quoted provision for repayment to it of such additional sum as it might be required to pay as taxes to the Government.
*409 The plaintiff at the request of the defendant began the work of manufacturing the chassis before the formal contract had been signed. Thereafter the formal contract was presented to it for signature and it discovered that it did not have in it a clause with regard to the repayment to it of taxes as provided in this proposal. Before signing and executing the contract it conferred with the proper representative of the defendant and was assured that under the practice and understanding of the War Department the terms of the proposal were embodied in the contract and that under this practice and understanding the terms of the plaintiff’s proposal were embodied and were intended to be covered by the following provision of the contract:
•“ That the said parties do hereby mutually covenant and agree to and with each other (referring to any advertisement, circular to bidders, and specifications hereto attached or referred to herein or pertaining hereto and to samples referred to herein or in said advertisement, circular to bidders, or specifications, which, so far as they are applicable, form a part of this contract), as follows: ” '
In accordance with and relying upon this assurance and understanding the plaintiff signed the contract. It fully performed its part of the contract, and delivered the chassis. They were accepted by the Government, and the base'price was paid and also the sum of $73,489.20, which it had in the meantime paid the Government in sales taxes on said chassis as they were delivered. Thereafter the accounting officers of the Government, in passing upon the accounts of the Government’s representative who had made these payments, disallowed the payments for taxes. The matter stood in this condition until the plaintiff entered into certain other contracts with the Government, among them a contract dated September 19, 1919, sued on here, which contained the following provision:
“In addition to the contract price hereinafter provided, the Government shall pay to the contractor a sum equal to such direct war tax on the sale of the articles herein contracted for as is now in effect or as may hereafter be imposed: Provided, however, That such tax as may become effective shall only apply and be added to the price of such articles herein contracted for as may be delivered after the said tax becomes operative.”
*410 The Government admitted liability to the plaintiff under this latter contract for the base price of the articles delivered of $43,875.00 and $2,198.75 paid out by the plaintiff for taxes, making a total of $46,068.75, and for other sums under other contracts aggregating $88,216.39, but refused to pay this sum and deducted therefrom the sum of $73,489.20, which had been disallowed for taxes previously paid under the contract of June 25, 1917, as aforesaid. The difference between these two amounts was tendered the plaintiff who refused to accept it and demanded payment admitted to be due as aforesaid. The defendant refused to make payment of said sum and the plaintiff thereupon brought this suit.
This is not a case of a department attempting to exempt a person from taxation. This, of course, it could not do. It is simply a contract to allow the plaintiff as part of the pux--chase price to be paid for an article such sum as it should be called upon to pay as taxes in addition to the base sum named in the contract. It was a part of the consideration of the contract and was for the protection and in the interest of both parties. Otherwise the plaintiff would have had to add a sum by guess to cover the amount it would have had to pay out as taxes, and the Government’s representative would have had to have guessed whether it was a reasonable amount or not. Had it been too much the Government would have lost; had it been too little the plaintiff would have lost. The arrangement made was fair and just to both parties and clearly legal and in conformity to the standards of good business conduct. It follows that this counterclaim of the Government should not be allowed.
The defendant has raised a further question, namely, that if this counterclaim is not allowed the plaintiff should at least be held for a further sum equivalent to the 5 per cent tax on the amount of the counterclaim on the theory that if the amount was a part of the purchase price the plaintiff should pay a tax not on the base amount but upon the base amount plus this tax. This contention is clearly based upon a misapprehension. The contract provided that the plaintiff be paid a base sum for chassis furnished and, in effect, that it should be made whole for such taxes as it should be called upon to pay and did pay. There was no profit involved in *411 this sum paid for taxes, and even should it be held that it should pay an additional sum, under the terms of the contract- and the understanding of the parties, this sum would have to be paid back to it by the Government as taxes paid to the Government, the understanding being that whatever taxes it should be called upon to pay should be repaid. It is plain that this contention can not be sustained. Judgment will be entered for the plaintiff in the sum of $46,068.75. And it is so ordered.
Hat, Judge; Downet, Judge; Booth, Judge, and Campbell, 0kief Justice, concur.