Graham, Judge,
delivered the opinion of the court.
The amount sought to be recovered in this case is made up of a sum claimed to be due the plaintiff on contracts with the Government and four other sums due for materials furnished and services performed at the instance and request of the defendant as follows:
George Miller, doing business under tlie name “Packard
Motor Car Co. of Baltimore,’' Mil_ $1,182.
Packard Motor Car Co. of New York_ 1,164. 47
Packard Motor Car Co. of Chicago_ 335. 83
93
Packard Motor Car Co. of Philadelphia_ 973. 27
As far as the principal claim of the plaintiff is concerned, under its oivn contracts with the Government, it is entitled to recover the sum claimed under its individual contracts, as set out in its petition. Garford Motor Truck Co. v. United States, 57 C. Cls. 404.
The claims off the subsidiary corporations, as set up in this suit, are in the nature of assignments to the plaintiff by these corporations of their right, title, and interest in said *364 claims against the United States for material supplied and services rendered. These are assignments within the meaning of the statute (act of February 26,1853, incorporated in Revised Statutes as section 3477) prohibiting the assignment of claims against the United States, and it follows as to .these claims, amounting to $3-656.50, that the plaintiff can not recover in this action. United States v. Gillis, 95 U. S. 407; Seaboard Air Line Ry. v. United States, 256 U. S. 655.
Judgment should be entered for plaintiff in the sum of $425,540.96, being the difference between the amount claimed in the amended petition, $429,197.45, to which should be added one cent to correct discrepancy between paragraph 17 thereof and Exhibit 48, and the aggregate of the assigned claims, namely, $3,656.50.
The defendant’s counterclaim is without merit and should be dismissed. And it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, (Thief Justice, concur.