Littleton, Judge,
delivered the opinion:
The questions in this case are whether a proportion of the special excise tax for carrying on or doing business by cor *153 porations imposed by section 407 of the revenue act of 1916, 89 Stat. 789, should be included in determining plaintiff’s cost and for the purpose of the 10 per cent profit thereon under the contracts with the Government, and whether plaintiff is precluded from maintaining this suit because of the refusal of the Navy Department to include a proportion of such taxes in determining the amount due plaintiff under the contracts.
The defendant, while taking issue with the plaintiff’s contention as to this element of cost, urges as a further defense that the decision of the compensation board was final and conclusive and that plaintiff may not, therefore, maintain this suit.
The Government relies in support of its contention on this point upon the decision of the Comptroller of the Treasury of June 28,1918, 24 Comp. Dec. 787, in which the comptroller said that to allow a proportion of the tax as a part of the cost “ In effect it would operate as an exemption from the tax.” This ruling does not seem to be in entire harmony with two later decisions of the comptroller, 25 Comp. Dec. 813 and 862, and plainly this conclusion is an unreasonable one when the question is upon the proper elements entering into cost. We adhere to the decisions of this court in Garford Motor Truck Co. v. United States, 57 C. Cls. 404, 410, and Pierce-Arrow Motor Car Co. v. United States, 58 C. Cls. 582, which have been followed in several other cases, and hold that the inclusion of a proportion of the special excise tax as an element of cost, was not an illegality but was a proper item to be included.
The special excise tax is a tax upon the privilege of doing business and is not a property tax, although measured by the value of the capital stock. Central Union Trust Co. of New York v. Edwards, 282 Fed. 1008; Wisconsin Central Ry. Co. v. United States, 70 C. Cls. 203.
The contracts involved provided for the payment to plaintiff of actual cost besides certain other elements and specifically stipulated that the actual cost should include items stated in six subdivisions “ and items similar thereto in principle.” Among the items so specifically stipulated is *154 “(d) A proper proportion of taxes of all kinds accrued during the taxable year with respect to the business or property.” When the supplementary contract of July 11, 1919, to the contracts of July, 1917, was executed, modifications were made in some provisions of paragraph 19 of the originals, among them being a modification of subdivision (d) by adding the words “ but such taxes should not be held to include Federal income or excess-profits taxes.” A comparison of the originals and the supplementary contracts in their definitions of actual cost will show that the several modifications were carefully made and the fact that the new contract expressly excluded “Federal income and excess-profits taxes ” indicates a construction binding the parties themselves, that but for this exclusion these taxes might have constituted an item of actual cost. Whether they would have or not we need not determine, but in thus specifically excluding specified taxes the parties have used terms that can not be extended to an entirely different tax from those mentioned. The excise tax in question was a tax with respect to the business of the company which was clearly within the express terms of the contracts and if it had been the purpose of the contracting parties to agree that the “ proportion of taxes ” should not be held to include any Federal taxes, it would have been a very easy matter to say so by omitting mention of the two kinds of Federal taxes and saying any Federal taxes.
The contracts also provide that actual cost shall be generally as defined in the revenue act of 1916, section 302, so far as the requirements of that act are not inconsistent with the contracts, and item (d) is with slight change taken from the like item of section 302. This section provides the method of computing the net profits and authorizes, among others, a deduction on account of the taxes, and is a recognition of a tax on the business as something entirely distinct from the net profits in requiring a deduction from the gross receipts in order to ascertain the taxpayer’s net income.
It is not contended in this case that the contracts in question did not by their terms include the special excise tax in question. The contemporaneous construction is further evi *155 denced by the course taken in making payment, for in all bills rendered up to March, 1921, plaintiff included a proper proportion of the special excise tax in its bills, which inclusion was allowed and the bills approved and paid. In these circumstances the conclusion is imperative that the parties intended to and did stipulate that a proper proportion of the excise tax in question should be included as an element of actual cost. We can not assent to the Government’s contention that the allowance of any portion of this excise tax as an element of cost “ would be an illegal remission of the tax.” It was in fact and in truth a cost of doing business and there is no legal obstacle in the way of the Government taking the same into consideration in determining the amount to be paid to a contractor for articles manufactured for the Government.
There is no merit in the contention of the defendant that the plaintiff may not maintain this suit because of the provisions in the contracts that the compensation board should ascertain, estimate, and determine the actual cost in accordance with the provisions, and the payments to be made in accordance therewith, and that the decision of said board or of a majority thereof should be binding on both parties to the contract, subject to approval by the Secretary of the Navy.
To the extent of the item here in controversy the contracts gave the compensation board no power or authority to decide beyond the determination of the proper proportion of such tax. A decision by the compensation board completely ignoring an express and positive provision of the contract would have been beyond the powers conferred upon it and such action would have been so arbitrary as to be of no effect upon the plaintiff to maintain suit. The power to determine the actual cost was to be exercised in accordance with the specific clauses in the contracts. They set forth certain items, under the statement that “ The actual cost shall include the following and item similar thereto in principle.” This is followed by an enumeration of specific elements for consideration including clause (d) above mentioned. The compensation board was not given power to *156 eliminate a clause in this enumeration of elements upon the theory that the parties were not authorized to insert it in their contracts. The contracts creating the board clearly defined its function and it could not make a new contract. If it could set aside the clause under consideration it could, with equal propriety, refuse to allow a proper proportion of any taxes, State as well as Federal, and could refuse to follow other clear and unambiguous provisions of the contract and annul the contract altogether. We do not say that the board would be bound by patently illegal provisions, but it is not to be presumed that the contract contains any such provisions. The board had a duty to perform in ascertaining “ the proper proportion ” of the tax for which plaintiff should be repaid, and no question is raised as to the proper proportion of the excise tax, but, the parties having contracted, the' compensation board could only give effect to their stipulation.
Further, the facts establish that the compensation board never decided this question within the meaning of the provisions of the contracts making the decision of the board binding on both parties. The only decision with reference to this item which the compensation board in its judgment and discretion made was that a proper proportion of the special excise tax in question should be included in determining the plaintiff’s cost and in computing the 10 per cent profit thereon. The monthly bills rendered for work done include items representing a proportion of the tax in question, and. those bills covered a period from the beginning of the work under the contracts to and including March, 1921. They were regularly paid until the last-mentioned date. Thereafter no proportion of the excise tax was included and no payment was made in respect thereof, either as cost or profit, because the Comptroller of the Treasury and not the compensation board or the Secretary of the Navy had decided that this was not authorized and could not be done. The compensation board and the Secretary of the Navy merely followed the decision of the Comptroller of the Treasury, as they were by law compelled to do. Act of September 2, 1789, 1 Stat. 65; act of March 3, 1817, 3 Stat.' 366; act of July 31, 1894, 28 Stat. 162. The last-men *157 tioned act made the decision of the Comptroller of the Treasury final and conclusive upon the executive departments and the other establishments concerned. The plaintiff did not agree to be bound by the decision of the Comptroller of the Treasury. Michael M. King v. United States, 37 C. Cls. 428; Burton Coal Co. v. United States, 60 C. Cls. 294; Standard Dredging Co. v. United States, 71 C. Cls. 218.
Defendant makes the point that the supplementary contract of July 11, 1919, and the last contract of January 24, 1919, having been entered into after the Comptroller of the Treasury had rendered his decision, should not be held to include' any proportion of the special excise tax in question. This contention is without merit. Plaintiff had no notice of the decision of the Comptroller of the Treasury and did not receive notice thereof until May, 1921.
Plaintiff is entitled to recover, and judgment in its favor for $43,622.63 will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; GkeeN, Judge; and Booth, Chief Justice, concur.