## NOYES et al. v. UNITED STATES.
### No. 6594.

Circuit Court of Appeals, Ninth Circuit.

Feb. 1, 1932.

De Lancey C. Smith and Francis C. Brown, both of San Francisco, Cal. (Brewster, Ivins & Phillips, of Washington, D. C., and William Bresnahan, of San Francisco, Cal., of counsel), for appellants.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and McCORMICK, District Judge.

WILBUR, Circuit Judge.

This is an action to recover the sum of $10,294.76, being a portion of the excess tax paid by the Presidio Mining Company for the taxable year 1918, said amount having been determined by the collector of internal revenue to be an overpayment. This overpayment was applied to a deficiency of that amount for the taxable year 1917. The balance of the excess for the year 1918 ($8,764.02) has been repaid to the Presidio Mining Company. Judgment went for the defendant, and the plaintiffs appeal.

The main question in the case is whether or not a valid assessment was made for the tax year 1917. The appellants claim that, no valid assessment having been made of a deficiency for the year 1917, the attempt of the Commissioner to apply the tax to a purported assessment for that year was unauthorized, and that the amount of $10,294.76 with interest is due the taxpayer and collectible by the appellants as its representatives.

It appears that on January 31, 1927, the Commissioner notified the taxpayer that he had determined a deficiency of $19,611.03 for the years 1917, 1919, 1920, and 1921, and overpayments of almost the same amount ($19,252.08) for the years 1914, 1916 and 1918. The taxpayer was notified by this letter of January 31, 1927, that he had 30 days in which to protest against the proposed deficiency and to submit additional evidence and argument to the Commissioner, and that:

"If the Commissioner finally determines that there is a deficiency, you will be advised thereof by registered mail in accordance with the provisions of section 274 of the Revenue Act of 1926. Should you not agree to the deficiency as finally determined by the Commissioner, you will be allowed 60 days from the date of mailing of the registered letter (not counting Sunday as the sixtieth day) in which to file a petition with the United States Board of Tax Appeals for a redetermination of the deficiency.

"If you acquiesce in the proposed deficiency as shown in this letter and the accompanying statement, you are requested to execute a waiver of your right to file a petition with the United States Board of Tax Appeals on the inclosed form A and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT-E-SM W H H-30305-A-30306-B-30307-C-30308-C-D-30309. In the event that you acquiesce in a part of such deficiency the waiver should be executed with respect to the items to which you agree."

Attached to this letter was a computation of the tax for each year; that for the year 1917 showed a net income of $72,709.08; tax liability of $21,674.22, of which $10,665.61 had been assessed March, 1918; $710.81 April, 1918; discount allowed, $3.04; total, $11,379.46; deficiency in tax, $10,294.76 (being the balance of $21,674.22, less $11,379.46). In 1919 the computation showed an overassessment of $19,058.78. The letter also showed that the taxpayers' claim for refund for $50,000 for the year 1918 had been granted for the amount of this overassessment, $19,058.78. The letter states: "The overassessments shown above will be made the subject of Certificates of Overassessment which will reach you in due course through the office of the Collector of Internal Revenue for your district, who thus will be officially notified of the rejection of the claims above mentioned."

This letter was accompanied by a blank form of waiver of right to file a petition to the United States Board of Tax Appeals as to the deficiency tax for the years 1917, 1919, 1920, and 1921, aggregating $19,611.03. This waiver was modified before signing by striking out the year 1917 and decreasing the aggregate amount from $19,611.03 to $9,316.27. Apparently the fact that the waiver had been changed so as to exclude the year 1917 was not observed by the Commissioner of Internal Revenue when it was returned, and on March 12 an assessment was made for all the years involved, including 1917, in accordance with the letter of January 31, 1927. The Commissioner evidently received a telegram from the taxpayer dated March 10, 1927, in regard to the additional tax of $10,294.76, plus $639.68 assessed against the taxpayer for the year 1917 in the Commissioners' assessment list for March, 1927. This telegram was answered by a letter dated April 6, 1927. A letter dated April 4, 1927, was sent by the Commissioner, which was evidently intended as a determination of deficiency of tax for the year 1917, amounting to $10,294.76, with a notice to the taxpayer that it had 60 days in which to appeal to the Board of Tax Appeals. On July 1, 1927, a deficiency tax for the year 1917 was assessed to the Presidio Mining Company for the above deficiency of $10,294.76, with $833.73 interest. If we ignore the assessment of March 12, 1927, of the deficiency for the year 1917, as both parties contend we should, and if we treat the letter of April 4, 1927, as a determination of a deficiency tax for 1917, with the right of appeal from that determination to the Board of Tax Appeals, then the assessment of July 1st, more than 60 days thereafter, is a valid assessment. The appellants claim, however, that the letter of April 4, 1927, is so ambiguous that it cannot be determined therefrom whether there was a jeopardy assessment and the letter was intended as notice thereof, or whether the letter was intended merely as a determination of a deficiency in tax subject to an appeal and a subsequent assessment. The point made cannot well be discussed without quoting the letter of April 4, 1927, above referred to, and the letter of April 6, 1927:

"Treasury Department, Washington.

"Apr. 4, 1927.
"Office of Commissioner of Internal Revenue.
"Address reply to Commissioner of Internal Revenue and refer to IT:E:SM.

WHH-30305.
"Presidio Mining Company, 814 Mills Building, San Francisco, California.

"Sirs: An audit of your income and excess profits tax return for the calendar year 1917, has resulted in the determination of a deficiency in tax of $10,294.76 as shown in Bureau letter dated January 31, 1927, which has been assessed.

"In accordance with the provisions of section 283 (e) or section 283 (k) of the Revenue Act of 1926 you are allowed 60 days (not counting Sunday as the sixtieth day) from the date of mailing of this letter within

which to file a petition with the United States Board of Tax Appeals, Earle Building, Washington, D. C., contesting in whole or in part the correctness of this determination.

"If you acquiesce in this determination and do not desire to file such petition, you are requested to execute waiver of your right to file a petition with the United States Board of Tax Appeals on the enclosed Form A, and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT:E:SM-WHH-30305.

"In the event that you acquiesce in a part of the determination, the waiver should be executed with respect to the items to which you agree.

"A copy of this letter has been furnished your duly authorized representative, Mr. W. E. Hayes, 730 Munsey Bldg., Washington, D. C.

"Respectfully,
"C. H. Blair, Commissioner,
"By C. R. Nash, Assistant to the
Commissioner. [Signed]."

"Treasury Department, Washington.

"Apr. 6, 1927.
"Office of Commissioner of Internal Revenue.
"Address reply to Commissioner of Internal Revenue and refer to IT:C:P-4-LCT.
"Presidio Mining Company, 814 Mills Building, San Francisco, California.

"Sirs: Receipt is acknowledged of your telegram dated March 10, 1927 in regard to the additional tax of $10,294.76 plus interest of $639.68 assessed against you for the year 1917 and appearing on the Commissioner's list for March 1927, #2, page 2, line 3. It is noted you request this office to forward a sixty-day letter and authorize the Collector to cancel the above-mentioned assessment, since the waiver signed on February 3, 1927, did not include the year 1917.

"In reply, you are advised that the records of this office show that a Form A was duly executed under date of February 3, 1927, waiving the right to file a petition with the United States Board of Tax Appeals and consenting to the assessment and collection of a deficiency in tax in the amount of $9,316.27 for the years 1919, 1920 and 1921. The additional tax for the year 1917, in the amount of $10,294.76 was erroneously assessed under date of March 12, 1927. This assessment will be eliminated by the issuance of a Certificate of Allowance which will be scheduled to the Collector of Internal Revenue for your district in due course, for abatement.

"Under date of April 4, 1927, a letter was addressed to you in accordance with the provisions of Section 283 (e) or Section 283 (k) of the Revenue Act of 1926, granting sixty days within which to file a petition with the United States Board of Tax Appeals against the determination of your income tax liability for the year 1917.

"Respectfully,
"C. R. Nash, Assistant to the
Commissioner. [Signed.]"

■ It is claimed that the use of the phrase "which has been assessed" in the first paragraph of the letter of April 4, and the reference therein to section 283 (e) of the Revenue Act of 1926, 26 USCA § 1064 (e), concerning jeopardy assessments, left the taxpayer in doubt as to whether or not the letter was intended to give notice of a jeopardy assessment already made, or was a notice of a determination of a deficiency to be assessed 60 days later. The letter of April 4, 1927, informed the taxpayer that the Commissioner of Internal Revenue had determined a deficiency in tax for the year 1917 in the amount of $10,294.76. Waivers were requested "if you acquiesce in this determination," not assessment. If there were any doubt created in the mind of the taxpayer by the phrase "which has been assessed" used in the letter of April 4, 1927, it was dispelled by the letter of April 6 calling attention to the fact that an erroneous assessment of that amount had been made on March 12, 1927. The letter of April 4 also called the attention of the taxpayer to the 60-day period within which an appeal might be taken "against the determination of your income tax liability for the year 1917." These two letters, when construed together, clearly show that the Commissioner of Internal Revenue was notifying the taxpayer that he had determined a deficiency in tax for the year 1917 in the amount stated in the various letters ($10,294.76).

The assessment of the deficiency for that amount was properly made in July, 1927.

■ Appellants contend that the Commissioner had no authority to apply the amount of overpayment for the year 1918 to the tax for the year 1917, for the reason that the deficiency tax for the year 1917 was not "then due" within the meaning of section 284 (a) of the Revenue Act of 1926, 26 USCA § 1065 (a), and that for that reason he should recover the amount prayed for, notwithstanding the fact that the taxpayer owes the government a like amount. There is no merit in this proposition. Tull & Gibbs v. U. S. (C.

C. A.) 48 F.(2d) 148; Edgar Percy Lewis et al. v. Reynolds, 52 S. Ct. 145, 76 L. Ed. ——, decided Jan. 4, 1932.

Judgment affirmed.