## COMMISSIONER OF INTERNAL REVENUE v. OSWEGO FALLS CORPORATION.

## OSWEGO FALLS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
### No. 400.

Circuit Court of Appeals, Second Circuit.
June 18, 1934.

Frank J. Wideman, Asst. Atty. Gen., J. Louis Monarch, and Lucius A. Buck, Sp. Assts. to Atty. Gen., for petitioner Commissioner.

James P. Quigley, of Olean, N. Y., and Alexander H. Cowie, of Syracuse, N. Y., for respondent Oswego Falls Corporation.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

These appeals, taken by the taxpayer and Commissioner, will be considered in one opinion.

The taxpayer was a new corporation organized pursuant to an agreement of consolidation, under date of January 30, 1922, of the Oswego Falls Pulp & Paper Company, the Skaneateles Paper Company, and the Sealright Company, Inc., as filed in the office of the secretary of state of New York. The agreement provided for consolidation of the three corporations pursuant to section 7 of the Business Corporation Law (Consol. Laws, c. 4) of the state of New York. The assets of the three corporations were conveyed to the taxpayer, and it assumed the liabilities of each. The questions presented on the Commissioner's appeal are the nature and extent of the liability of the taxpayer in respect to income and profit taxes incurred by the taxpayer by reason of this consolidation. The first question is whether it is liable as a transferee of the assets of the Oswego Falls Pulp & Paper Company within the meaning of section 280 of the Revenue Act of 1926 (chapter 27, 44 Stat. 9, 61 [26 USCA § 1069 and note]). Second, whether the waivers signed by the taxpayer are effective to extend the statutory period for assessments against the taxpayer as a transferee of one of the consolidated corporations, namely, the Oswego Falls Pulp & Paper Company.

The taxpayer's appeal raises the question of whether the notice of liability as to docket No. 28,301 was competent to vest the board with jurisdiction of the appeal.

Income tax returns were filed by the Oswego Falls Pulp & Paper Company for the years 1917 to 1921, inclusive. Prior to November 19, 1925, income and profit tax waivers were executed in the name of the Oswego Falls Pulp & Paper Company extending the period within which taxes might be assessed on said returns. These waivers expired more than one year before the mailing of the notices of liability that are here involved. November 19, 1925, a waiver for the years 1917 to 1920, inclusive, was executed in the name of the Oswego Falls Pulp & Paper Company by its president and it bore the corporate seal of that company. On the same day, a waiver was filed bearing the seal of the taxpayer as follows:

"In pursuance of the provisions of existing Internal Revenue Laws, Oswego Falls

Pulp and Paper Company (parent), a taxpayer of Fulton, New York, and the Commissioner of Internal Revenue, hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the four years 1917, 1918, 1919, and 1920 under existing revenue acts, or under prior revenue acts. (See another waiver of same date for years 1906 to 1916 incl.)

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with the said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board. "Oswego Falls Pulp & Paper Company,

"By its sole beneficiary and successor through consolidation to wit:
"Oswego Falls Corporation, Taxpayer.
"[Signed] By H. L. Paddock, President.
"[Signed]      D. H. Blair, Commissioner.
"Attest:
"Am. Hurd, Asst. Secretary."

July 21, 1926, a similar waiver was filed for the year 1921 to remain in effect until December 31, 1927. It was signed:
"Oswego Falls Pulp & Paper Company,
"By its successor and sole beneficiary through merger, January 1, 1922.
"Oswego Falls Corporation, Taxpayer.
"[Signed] By H. L. Paddock, President."

A notice, dated March 10, 1927, was sent to the taxpayer and advised it of its liability for 1920 and 1921 "as transferee of the assets of the Oswego Falls Pulp & Paper Co." This notice was used as the basis for a petition to the Board of Tax Appeals (Docket No. 28301). A notice, dated October 4, 1927, advised the taxpayer of similar liability for 1917. A notice of November 29, 1927, advised the taxpayer of liability for 1918 and 1919. On November 18, 1927, the following waiver was signed:

"Taxpayer Collection Waiver.

"It is hereby agreed by and between Oswego Falls Pulp & Paper Company, of Fulton, New York, party of the first part, and the Commissioner of Internal Revenue, party of the second part, that the amount of $7,642.-98, representing an assessment of income tax for the year 1919 made against the said party of the first part, appearing on the May 1920 income tax assessment list, page 4480, line 8, for the 21st district of New York, may be collected (together with such interest, penalties, or other additions as are provided for by law) for said party of the first part by distraint or by a proceeding in court begun at any time prior to December 31, 1928.

"This document is executed for the purpose of extending the period stated in a similar waiver dated June 22, 1927, which expires December 31, 1927.

"Executed for the Oswego Falls Pulp & Paper Company by the transferee of all of its assets.
"Oswego Falls Corporation, Taxpayer,
"[Signed] By H. L. Paddock, President.
"D. H. Blair, Commissioner of Internal
                                    Revenue.
"[Signed] By J. W. Clarke,
             Collector of Internal Revenue."

Similar waivers were filed on October 30, 1928, and November 18, 1929, the last of which expired December 31, 1930. It was held by the Board that the notice of liability on which the proceeding of docket No. 28301 was founded was accepted by the taxpayer; that it was on the Commissioner's letterhead, and no question may now be raised against its validity; that all the waivers were executed after the pulp and paper company had ceased to exist with the facts well known to both parties to the waivers, but, since the taxpayer was liable for the involved tax, the waivers executed by it extended the period for assessment against it; for the years 1917 to 1920, inclusive, the waivers expired before the Commissioner mailed his notices; and that the assessment of taxes for the years 1917 to 1920 inclusive were barred; that the extra year provided by the statute (section 280(b) (1) of the Act, 26 USCA § 1069(b) (1) for assessing liability of a transferee runs from the expiration of the period for assessing the taxpayer transferor, and it was not extended by the waivers; that no provision of law authorized an assessment of a transferee after that year had expired and after expiration of waivers by the transferee; that the corporation could not be liable as a transferee except under some statute; that it is liable at law under the statute by which it was created; and its liability is not the secondary liability of a transferee but is a primary liability; that the corporation had no liability in equity for the taxes because of its complete remedy at law; that, since the statute created a new

liability and provided a remedy, it was exclusive; that the taxpayer is not a transferee and did not receive the assets of the pulp and paper company by transfer and is not liable under section 280 of the Revenue Act of 1926; that the notice of transferee liability for 1921 was timely and, although not liable as a transferee, the taxpayer primarily is liable for the involved tax. Judgment went for the taxpayer for the years 1917 to 1920, inclusive, and against the taxpayer for 1921.

■ The remedy afforded by section 280 of the Revenue Act of 1926 is nonexistent until all the remedies against the taxpayer are exhausted. Wire Wheel Corp. of America v. Com'r, 16 B. T. A. 737; Id., 46 F.(2d) 1013 (C. C. A. 2). This section makes the same executive processes available to determine and collect the liability of a transferee of property in respect of taxes incurred by his transferor, but it does not impose any new liability. Phillips v. Comm'r, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289.

This taxpayer has no liability under section 280.

■ The taxes incurred by the paper and pulp company prior to the consolidation have always been available to the Commissioner's executive processes. These processes were competent to collect the taxes from the pulp and paper company before the consolidation, and they are equally competent to collect from this taxpayer.

■ The taxpayer is not a transferee of the property resulting from this consolidation. It did not succeed to the property or assets or liabilities of the pulp and paper company by purchase but as a successor to the corporate persons by operation of law. Guaranty Trust Co. v. New York & Queens Co. R. R. Co., 253 N. Y. 190, 201, 170 N. E. 887. See Seaboard Airline R. R. v. United States, 256 U. S. 655, 41 S. Ct. 611, 65 L. Ed. 1149; Western Maryland R. Co. v. Comm'r, 33 F.(2d) 695 (C. C. A. 4).

■ It is admitted by the Commissioner that the liability of the taxpayer at law for the taxes in question is, by statute, in personam, whereas the liability under section 280 is in rem and limited. But the Commissioner insists that an equitable right to pursue the assets of the pulp and paper company coexists with the statutory right. But there is a complete remedy at law which bars equitable relief. Union Pacific R. R. Co. v. Board of Comm'rs of Weld County, Colo., 222 F. 651 (C. C. A. 8). Moreover, no liability arises to

the taxpayer as transferee until the creditors' rights preserved to the Commissioner by section 11 of the Business Corporation Law have been exhausted. Wire Wheel Corp. of America v. Com'r, supra. The liability and corresponding right existing prior to the consolidation were expressly preserved and unimpaired by the statute. The remedy which the Commissioner has chosen is conditioned on the exhaustion of the remedy he sets aside.

■ Section 280 (c) of the act, 26 USCA § 1069(c), identifies the taxpayer whose period of limitation must expire within one year prior to the mailing of the notice of liability. It is the corporation that incurred the taxes and from whom they would be collectible if its existence had not terminated. The pulp and paper company was dissolved by the consolidation in 1922. Miner v. N. Y. C. & H. R. R. R. Co., 123 N. Y. 242, 25 N. E. 339; Matter of Bergdorf, 149 App. Div. 529, 133 N. Y. S. 1012, affirmed 206 N. Y. 309, 99 N. E. 714. It therefore did not consent to the waivers made in 1925 on which the Commissioner relies. Section 11 of the New York statute makes the new corporation the principal and the res itself is vested in it. No liability in respect of which any waiver could be made existed in the dissolved corporation after consolidation. Section 11 provides for substitution of the consolidated corporation in pending actions. When the waivers were signed, the taxpayer was the only person against whom the statute of limitations was running with respect to the involved taxes; and by the waivers it postponed the statutory bar until the waivers should expire. Those, for all the years save 1921, expired December 31, 1926. It was found by the Board that these waivers were received with knowledge of the consolidation and the facts. Since none of the notices of liability were mailed before March 10, 1927, all except the notice of 1921 were mailed after the waivers on which the Commissioner relies had expired. The Commissioner seeks to hold the taxpayer liable on notices as a transferee. This may not be done. Western Union Tel. Co. v. Comm'r, 68 F.(2d) 16 (C. C. A. 2). The liability of a transferee, on the debt of his transferor, arises only upon exhaustion of remedies. This suggests that "the taxpayer" required on the waivers and the transferee liable on his unpaid taxes, cannot coexist. Wire Wheel Corp. v. Com'r, supra. There is no liability of the taxpayer for the years 1917 to 1920, inclusive, for the liability thereunder was barred.

■ The taxpayer contends that the notice of deficiency for the years 1920 and 1921 does

not comply with section 274 of the Revenue Act of 1926. Its objection is based upon the signature to the Commissioner's letter reading:

"Respectfully,

"D. H. Blair, Commissioner.

"By —————, Assistant to the Commissioner."

Section 274(a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 55 (26 USCA § 1048), provides as follows:

"If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section [section 1048b or 1048d of this title] or in section 279,282, or 1001 [section 1051, 1063, 1071, or 1224 of this title], no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes [section 154 of this title] the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

The objection raised by the taxpayer to the letter is that it is not signed. The statute does not require that it be signed. It requires that a "notice of such deficiency" be sent by the Commissioner. The letter is such notice. As a result of the letter, the taxpayer invoked the jurisdiction of the Board of Tax Appeals to redetermine the tax which the Commissioner had determined against it. Having accepted the notice and having acted pursuant to it, it obtained the delay incident to and granted thereby. It may not now complain. The notice of the determination of the tax might take any form required by the substance of the statute. Noyes v. United States, 55 F.(2d) 870 (C. C. A. 9); Tameling v. Comm'r, 43 F.(2d) 814 (C. C. A. 2).

Order affirmed.