OHMER CORPORATION, PETITIONER, *v.* WAR CONTRACTS PRICE ADJUSTMENT BOARD, RESPONDENT.

Docket No. 792–R.   Promulgated September 28, 1951.

*John Enrietto, Esq.*, and *Fuller Holloway, Esq.*, for the petitioner.
*James D. Lynch, Esq.*, and *John F. Wolf, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The respondent insists that the word "successor" in the order and notice refers to Ohmer Fare Register Company and not to Ohmer Register Company and the petitioner is named therein as a contractor or subcontractor along with Ohmer Register Company. Obviously, the renegotiation was of the petitioner. It was the corporation "assigned" for renegotiation, it furnished information to the renegotiators, it was notified that renegotiation of its contracts and subcontracts had "commenced" and it had many communications with the renegotiators. Incidentally, none of those statements applies to Ohmer Register Company except that its business was included in the renegotiation. The conclusion is inescapable that the order of determination and the notice referred to the petitioner as a contractor or subcontractor and not merely as a "successor" or "transferee" of Ohmer Register Company. The order determines that profits of the petitioner for 1945 were excessive, the petitioner could be "aggrieved" by that order, and it filed the petition with this Court which thus acquired jurisdiction to determine *de novo* the amount, if any, of the excessive profits of the petitioner for 1945.

Ohmer Register Company was a separate corporation from the petitioner and had authority under the laws of Ohio to enter into any litigation incident to the winding up of its affairs. It filed no petition, did not join in the petition, and is not a party to this proceeding. Questions relating to its rights and liabilities are not to be

decided in this proceeding. Furthermore, the respondent not only has not indicated any intention of attempting to impose upon the petitioner as "transferee" or "successor" of Ohmer Register Company the liability of Ohmer Register Company to refund any amount as its excessive profits but has affirmatively insisted that the petitioner is named in the order only as a principal and not as successor to Ohmer Register Company.

The respondent concedes that the renegotiation was upon a consolidated basis. The regulations of the renegotiators require "assignment," consent of the contractors or subcontractors to renegotiation upon a consolidated basis, and separate determinations as to each contractor or subcontractor. The statute requires commencement within a prescribed time. Yet Ohmer Register Company was never "assigned" for renegotiation or notified that its renegotiation had commenced. The petitioner and Ohmer Register Company never expressly consented to being renegotiated upon a consolidated basis. The War Contracts Price Adjustment Board has not determined separately the excessive profits of the petitioner or of Ohmer Register Company. The "notice" is not only unsigned although containing a place for a signature but it is not in the usual form. The designation "Ohmer Register Company—and Ohmer Corporation, Successor" is awkward. However, none of these omissions or deficiencies prevents the Tax Court from acquiring jurisdiction, under the circumstances, to determine the excessive profits, if any, of the petitioner for 1945. The petitioner has this opportunity to show the correct amount regardless of what errors were committed in the course of the renegotiation once an order has been entered determining that the profits of the petitioner were excessive and notice given. The statute does not require that a notice be signed, cf. *Oswego Falls Corp.*, 26 B. T. A. 60, affd. 71 F. 2d 673, and the regulations allow the sender some leeway as to the form of the notice. Here the notice was effective and any defect was waived by the filing of the original petition which in no way questioned the notice.

The case is restored to the calendar for hearing in due course on those issues raised in the pleadings other than those severed pursuant to the motion of the petitioner.