**F. C. DONOVAN, Inc.**

v.

**UNITED STATES of America.**

Civ. A. No. 54–289.

United States District Court
D. Massachusetts.

Jan. 14, 1958.

Warner, Stackpole, Stetson & Bradlee, Richard J. Walsh, Walter G. Silcox, Boston, Mass., for plaintiff.

Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., Harlan Pomeroy, Washington, D. C., for defendant.

ALDRICH, District Judge.

This is an action to recover income taxes allegedly illegally assessed. The facts were stipulated. The plaintiff F. C. Donovan, Inc., hereafter called Donovan, was incorporated in Massachusetts prior to 1940 for the purpose of "buying, selling, manufacturing, and otherwise dealing in hides, skins, and leather and similar materials * * *." All of its stock was owned by one A. J. Donovan.[1] In 1940 Donovan organized Plastics Products Corp., hereafter called Plastics, as a solely owned Massachusetts subsidiary. In 1945, apart from its continued ownership of Plastics, Donovan was engaged in the business of merchandising leather at wholesale, while Plastics was engaged in the business of merchandising plastic sheeting. The two companies that year filed a consolidated return, in which Donovan showed a net income of $38,000 and Plastics of $132,000. In 1946 they filed separate returns. Donovan's income was the same as the year before; Plastics' was considerably greater. On December 31, 1946 Donovan amended its charter to enable it to deal in plastics, and by vote of Plastics' stockholders acquired all of its assets, and assumed all of its liabilities. In 1947 Plastics was formally dissolved by decree of court, pursuant to Mass.Gen. Laws (Ter.Ed.1932), Ch. 155, § 50A, as added by St.1939, c. 456, § 1, as amended. For the year 1947 the leather division of Donovan broke even, while the plastic division lost $83,000. In 1948 Donovan sustained a loss, entirely in the leather division.

Acting under § 122(b) (1) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 122(b) (1), the Commissioner carried back Donovan's 1947 (plastic division) loss and applied it against Donovan's (leather) income for 1945 and 1946, thereby eliminating this income entirely, but leaving some $6,000 of loss unabsorbed. Plaintiff contends that the loss carry back should have been applied against Plastics' 1945 income, which would have consumed the entire 1947 loss, and further reduced the 1945 tax. The question is, who is "the taxpayer [who] has a net operating loss" under § 122(b) (1), a not novel question, but, apparently, novel facts. If there had been a merger between Donovan and Plastics, the corporate entity which was Plastics would have migrated into Donovan, and there would have been a continuance of the identity of the taxpayer. Newmarket Manufacturing Co. v. United States, 1 Cir., 233 F.2d 493, certiorari denied 353 U.S. 983, 77 S.Ct. 1279, 1 L. Ed.2d 1142. The government contends that since there was no statutory merger, Donovan in 1947 cannot be said to be the taxpayer who was Plastics in 1945.

The plaintiff points to the language of the court in Newmarket, 233 F.2d at page 497, that the purpose of the loss carry back was to protect "a business with alternating profit and loss," and the court's musing as to the incidence of taxation upon "an artificial legal entity called a corporation, or * * * the human beings doing business behind the corporate facade and who, alone, actually feel the pinch." With all respect to that court which will be reviewing my decision, I feel that in avoiding the Scylla of "logic-chopping, fine-spun distinctions, and dubious arguments by analogy," 233 F.2d at page 496, its chosen alternative came close to the Charybdis of polysemy. I find it difficult to give these words any specific meaning beyond the facts of the case.

If the "human beings doing business * * * who * * * actually feel the pinch" is the test, it is clear here that A. J. Donovan was the one nipped. But so would it be in the case where two totally unrelated corporations had the same owner or owners. I reject any con-

---

1. This was stated orally by counsel for plaintiff at the hearing, and not disputed, and I accept it as true.

tention of plaintiff based upon the happenstance of identity of stock ownership. Cf. Libson Shops, Inc. v. Koehler, 353 U.S. 382, 77 S.Ct. 990, 1 L.Ed.2d 924.

The plaintiff next says that the "business" was the same, whether carried on by Plastics, or by Donovan after acquiring its assets and liabilities, and, again referring to the above language in Newmarket, that it was the "business" that is the taxpayer. It points, also, to other language in the opinion, "that taxation is an intensely practical matter, which ought to turn upon economic realities rather than upon technical differences of the corporate entity consequent upon the migration of a corporation from one state to another." 233 F.2d at page 498. To this the government counters with further language on the same page distinguishing New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, as a case where the "old corporation * * * remained technically[2] in existence, the reorganization having been accomplished not as a statutory merger but solely on a contractual basis."

In the case at bar the entity which was Plastics remained in existence. It was not "drowned," Helvering v. Metropolitan Edison Co., 306 U.S. 522, 529, 59 S.Ct. 634, 83 L.Ed. 957, past resuscitation. Mass.G.L., Ch. 155, § 51; § 56, as amended by St.1953, c. 31; cf. Bowman Hotel Corp., 24 B.T.A. 1193; Commissioner of Internal Revenue v. Oswego Falls Corp., 2 Cir., 71 F.2d 673. Any "sea change," Stanton Brewery, Inc. v. Commissioner, 2 Cir., 176 F.2d 573, 576, was something less than metamorphosis. New Colonial Ice Co., Inc. v. Helvering, supra.

Without speculating too far upon the proper limits of metempsychosis, it seems to me that to open the door to every contractual flight of one "business" into another would open the door further than intended by Congress. The statute does not refer to identity of the

res, but of the taxpayer. A taxpayer cannot be simply an abstract business, nor an agglomeration of assets and liabilities. Even Newmarket would not seem supportable without there being a corporate thread to be followed. Here there is none. Cf. Patten Fine Papers, Inc. v. Commissioner, 7 Cir., 249 F.2d 776.

The complaint is dismissed.

---

2. The use by the court of the word "technical" twice on one page, with opposite results, is understandable, but it illustrates that, inevitably, corporate taxation must be a technical matter.