LitxletoN, Judge,
delivered the opinion of the court:
The facts are stipulated and show, as set forth in findings 16 and 19, that the increased direct and indirect labor costs incurred between July 31, 1933, and the completion of the contracts, under the subcontracts made by the Kawneer Company and the contracts made by the Coleman Bronze Company, and performed by Kawneer after February 28, 1934, were $12,349.77, and that the increased direct and indirect labor costs incurred between July 31, 1933, and February 28, 1934, under the subcontracts made by Kawneer’s *536 wholly-owned subsidiary, the Coleman Bronze Company, were $12,304.55, or a total increase of direct and indirect labor costs of $24,654.32 incurred under all the subcontracts between July 31, 1933, and completion thereof as a result of enactment of the National Industrial Recovery Act.*
Counsel for defendant contend that the claims for increased costs filed by plaintiff, the Kawneer Company, for itself and the Coleman Bronze Company, under the act of June 16, 1934, styled “The Kawneer Company, successor to the Coleman Bronze Company,” were not sufficient or valid claims under the 1934 act insofar as increased costs incurred before or after February 28, 1934, under the subcontracts made by the Coleman Bronze Company are concerned. These claims set forth in detail the itemized increased costs under each and all of the contracts of both companies for which reimbursement was claimed by the Kawneer Company, individually, and as successor of the subsidiary, the Coleman Bronze Company, under the 1934 act for direct and indirect labor costs of the Kawneer Company and the Coleman Bronze Company under the subcontracts of both companies. Counsel for defendant take the position, first, that no valid claim was filed by or on behalf of the Coleman Bronze Company under the act of June 16, 1934, for any of the increased labor costs incurred under contracts made by it, and that recovery, in this case, for the increased costs incurred under the subcontracts made by the Coleman Bronze Company must be limited to $253.89, representing increased costs so incurred prior to August 10, 1933, as to which period no claim was necessary to be filed under the act of June 16, 1934, in order to give this court jurisdiction under the act of 1938; second, that the claims for increased costs prepared and filed by the Kawneer Company, as set forth in the findings, individually and as the successor of the Coleman Bronze Company, were valid under the act of June 16, 1934, only as to the increased costs incurred by the Kaw-neer Company as a result of the enactment of the National Industrial Recovery Act under the subcontracts made by the *537 Kawneer Company; and third, that the claim made by the Kawneer Company on the subcontracts entered into separately by it and the Coleman Bronze Company with reference to the Columbus, Ohio, post office was made too late under the act of June 16, 1934, and this court is without jurisdiction under the 1938 act to make any allowance on account of the increased costs incurred by either company under the Columbus, Ohio, subcontracts. It is therefore contended that recovery must be limited to $11,429.96 in favor of the Kawneer Company, representing the increased costs incurred by that company as a result of the enactment of the National Industrial [Recovery Act under the subcontracts made by the Kawneer Company in connection with the Federal buildings, except its Columbus, Ohio, contract.
We are of opinion upon the facts and under the provisions of the acts of June 16, 1934, and June 25, 1938,* with reference to the presentation of claims for increased costs, that the claims as filed by Kawneer Company under the act of 1934, individually and as successor of the Coleman Bronze Company, for the increased costs incurred under the subcontracts made bv the two comnanies were valid and sufficient to give this court jurisdiction to hear and determine the claims under the provisions of the act of June 25, 1938.
The argument made by defendant in this case, that no valid claim was made under the 1934 act by or on behalf of the Coleman Bronze, Company for increased costs incurred under the subcontracts made by that company, is a technical defense which does not, we think, find sufficient support in the facts and circumstances to sustain it. Detailed itemized claims for increased costs under the contracts made by the Kawneer Company and the Coleman Bronze Company were in fact made and filed, and these claims were considered, acted upon, and decided by the Comptroller General without objection to their .presentation by and through the Kawneer Company, or to the form in which they were styled, namely, “The Kawneer Company, successor to the Coleman Bronze Company.” As shown by the facts, and as disclosed in the claims as made, *538 the Kawneer Company was the successor on and after February 28,1934, of the Coleman Bronze Company which, up to that time, had been a wholly-owned subsidiary of the Kawneer Company. Prior to February 28,1934, the Bronze Company had made certain subcontracts and had partly performed them. Through a merger and ¡consolidation Kawneer acquired all the property and assets'of Coleman Bronze Company and assumed all its liabilities on February 28, 1934, in exchange for the Coleman Bronze Company’s stock. The Kawneer Company completed the contracts originally made by its subsidiary, the Coleman Bronze Company. By this merger and consolidation the right of the Kawneer Company as the successor of Coleman Bronze Company to present a claim under the act of June 16, 1934, for increased costs incurred as a result of enactment of the National Industrial Kecovery Act, under the contracts of Coleman Bronze Company prior and subsequent to February 28,1934, was not barred under the nonassignment of the claims provisions of section 3477 of the Bevised Statutes under the rule announced and applied in Seaboard Air Line Railway v. United States, 256 U. S. 655, and Kingan Company v. United States, 71 C. Cls. 19. It is true that at the time of the merger and consolidation on February 28, 1934, neither company, except through a petition to Congress, was entitled as of right to relief or reimbursement for increased costs, but, when the act of June 16, 1934, was approved, the rights granted thereby with reference to increased costs under contracts made by the Bronze Company vested in or inured to the benefit of the Kawneer Company. Technically, the Bronze Company might have joined in the claims made under the 1934 act for the use and benefit of the Kawneer Company, inasmuch as the Bronze Company had not been formally dissolved, but this was not necessary for it had no actual or beneficial interest in the claim. The Kawneer Company was the actual as well as the beneficial owner of the claim which passed to it in the merger and consolidation. The 1934 act gave completing sureties the right to make claims and receive payments thereon, and it would seem that the act did not intend to deny such right to successors through merger and consolidation. Sea *539 board Air Line Railway v. United States, supra, and King an dc Company v. United States, supra.
In addition we tbink, in view of tbe Congressional history of the acts of June 16,1934, and June 25, 1938, that Congress intended that the proviso of section 1 of the 1938 act should receive a liberal rather than a technical construction so as to accomplish the equitable purposes intended by that act as well as of the prior act of 1934. The 1938 act enlarged the period during which increased costs incurred could be recovered and for this enlarged period recovery of increased costs can be had even if no claim for any period was presented under the 1934 act. The purpose of limiting suits for increased costs incurred between August 10, 1933, and completion of contracts to those cases where claims had been filed was to prevent the presentation in this court of a new set of claims, stale claims, or claims which the interested party did not consider to be good enough, or meritorious enough, to be presented under the 1934 act. That purpose is consistent with and is maintained by our conclusion that the claims presented by the Kawneer Company, now under consideration, were sufficient under the 1934 and 1938 acts.
We therefore hold that under the provisions of sections 3 and 4 of the act of June 16, 1934, proper and sufficient claims were presented to give this court jurisdiction of the claim made herein under the provisions of section 1 of the act of June 25, 1938, and that the Kawneer Company is therefore entitled to recover the stipulated increased direct and indirect labor costs of $24,654.32 incurred as a result of the National Industrial Recovery Act in the performance of the subcontracts made by it and the Coleman Bronze Company.
The next question is whether recovery can be had for the excess costs incurred as a result of enactment of the National Industrial Recovery Act under the subcontracts of the Kawneer Company and the Coleman Bronze Company in the amount of $2,146.28 under the subcontracts 'made and performed in connection with the Columbus, Ohio, post office. The increased costs so incurred were $919.81 under the subcontracts made by the Kawneer Company and $1,226.47 under the subcontracts originally made by the Cole *540 man Bronze Company, and subsequently under the merger and consolidation of February 28, 1934, taken over and completed by the Kawneer Company, as set forth in the findings, as were other subcontracts of the Bronze Company involved in the first issue hereinbefore discussed. This claim for the increased costs incurred under the subcontracts of the Kawneer Company and the Bronze Company was made and filed under these subcontracts by the Kawneer Company under the style “The Kawneer Company, successor to Coleman Bronze Company,” on January 10, 1936, which was more than six months after completion of the prime contract on June 8,1935.
The defendant argues here that recovery of the excess costs incurred under these subcontracts, either by the Kaw-neer Company or the Coleman Bronze Company, must be denied for lack of jurisdiction under the act of 1938 because the claim was not filed within six months after completion of the prime contract on June 8, 1935.' The 1938 Act does not limit our jurisdiction to claims filed under the 1934 act within six months, but to claims “presented within the limitation period defined in section 4 of the act of June 16, 1934.” The period so defined was six months or more, in the discretion of the Comptroller General. So far as appears the .Comptroller General considered that the circumstances under which the claim was presented were sufficient to justify him in considering and deciding it although it was presented late, and, having full discretion to do this and having so considered and decided the claim, it cannot now be said that if he had found it to be allowable he would have refused to allow it because presented late. We must hold that he exercised his discretion, for upon this depended his jurisdiction and authority to consider and decide on the merits of the claim. This claim, as were others, was presented under the subcontracts made by the Kawneer Company and the Bronze Company, and the claim was considered and reported on to the Comptroller General by the administrative establishment concerned without objection to its presentation by Kawneer. The Comptroller General considered the claim on the merits and denied it by a separate certificate on the ground that “after careful consideration” no part of the amount claimed could *541 be allowed for the reason that there had been a departure from strict compliance with the President’s [Reemployment Agreement. The Comptroller General stated with' reference to this Columbus post-office claim that “By its express terms, the act [of June 16, 1934] makes compliance a condition precedent to the allowance of any benefits thereunder. In the absence of compliance, relief may not be granted. Full compliance must be established as a fact — partial compliance will not suffice — and failure to establish full compliance means failure to establish a right to relief.” See finding 18. Under the express terms of section 4 of the act of June 16, 1934, the Comptroller General was given absolute discretion where he considers there was good cause for late presentation to consider and decide a claim filed late— the exact language of section 4 being that “No claim hereunder shall be considered or allowed unless presented within * * * six months after the completion of the contract, except in the discretion of the Comptroller General for good cause shown by the claimant.” What constituted good cause was solely for the Comptroller General to decide. Under the terms of the 1934 act it was not mandatory that he make an order extending the time for filing where a claim had been presented late, nor was it necessary, in order for this court to acquire jurisdiction under the act of 1938, for the claimant to make formal application to the Comptroller General under the act of 1934 for extension of time. Although the Comptroller General, in his discretion, might have required an application to be made for an extension of time for filing he did not do so and, in so considering and acting upon the claim on its merits, he exercised the discretion conferred upon him by the act. By the express terms of the act of 1934 the Comptroller General had the right, in his discretion, to receive, consider, and act upon a claim filed late. That act, under which this Columbus, Ohio, claim was made, provided that claims presented thereunder should be considered and decided upon a fair and equitable basis. By receiving, considering, and deciding upon the Columbus, Ohio, post-office claim, which showed on its face that it was filed more than six months after the prime contract had been *542 completed, the Comptroller General, in effect, extended the time for presentation of the claim and, in any event, having authority to so extend the time, by considering and deciding it, he waived any objection, which may here be urged, to the late filing thereof. See Thompson v. United, States, 91 C. Cls. 166; Callahan Construction Company v. United States, 91 C. Cls. 538. Since he did not object to the late presentation we cannot do so now.
In addition to what has been said it should be pointed out that section 3 of the 1938 act provides that “Judgments or decrees, if any, under this Act, shall be allowed upon a fair and equitable basis, and notwithstanding the bars or defenses of any alleged * * * laches, or any provisions of Public Act * * * June 16, 1934.” Laches is defined as neglect to do a thing at the proper time. That is, in effect at least, the defense interposed here. We think the quoted language of Section 3 of the 1938 Act means that if the Comptroller General did not hold, under Section 4 of the 1934 Act, that the claim could not “be considered or allowed” because presented late without good cause, the defense of late presentation cannot be made here. Section 3 of the 1938 Act is interpretative of other provisions of that act including the jurisdictional provisions of Section 1 thereof. Whatever may be the full extent of the meaning of the provision of Section 3 of the 1938 Act excluding the defense of laches, we think it at least means that a defense based on late presentation cannot be made here under the 1938 Act where the Comptroller General had made no such objection under the 1934 Act. In these circumstances the court has jurisdiction to consider and decide the claim made herein as to the increased costs incurred by the Kawneer Company and the Coleman Bronze Company under the subcontracts in connection with the Columbus, Ohio, post office.
Judgment will be entered in favor of plaintiff, the Kaw-neer Company, for $24,6’54.32. It is so ordered.
Madden,. Judge; Whitaker, Judge; and Whalet, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.

 U. S. Code, Title 15, section 701.

U. S. Code, Title 41, sections 28-33.