HARDIE–TYNES MFG. CO. v.
UNITED STATES.
No. 44385.

Court of Claims.
March 5, 1945.

144

William E. Carey, Jr., of Washington, D. C. (Rhodes & Rhodes, of Washington, D. C., on the brief), for plaintiff.

Currell Vance, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and WHITAKER, MADDEN, LITTLETON, and JONES, Judges.

WHITAKER, Judge.

Plaintiff sues for increased costs of labor and material required in the performance of a contract with the Navy Department for furnishing certain air compressors, alleged to have been brought about by the passage of the National Industrial Recovery Act, and it also sues for its increased cost of labor in the performance of a subcontract with the Marietta Manufacturing Company, which had a contract with the War Department for the construction and delivery of two channel barges, also alleged to have been the result of the enactment of the National Industrial Recovery Act.

After the passage of the National Industrial Recovery Act on June 16, 1933, 48 Stat. 195, and shortly prior to July 20, 1933, the President of the United States appealed to all employers of labor to voluntarily increase wages in order to comply with the spirit of that Act. This was prior to the promulgation of the President's Reemployment Agreement and prior to the adoption of any Code. In response to this appeal plaintiff and others engaged in the same industry in Birmingham, Alabama, voluntarily put into effect on July 20, 1933, wage increases. The amount of these increases for labor on plaintiff's contract with the Navy Department was $3,411.38, and the amount of the increases on its subcontract with the Marietta Manufacturing Company was $140.24.

There is no doubt that these wage increases were granted by plaintiff and its competitors because of the passage of the National Industrial Recovery Act and the President's appeal for compliance therewith. Under former decisions of this court it must be held, therefore, that these increases were the result of the enactment of the National Industrial Recovery Act.

The wages fixed by plaintiff and its competitors on July 20, 1933, were greater than the minimum wages provided for by the Code later adopted on October 11, 1933,

but it was manifestly impractical for the plaintiff, after the adoption of the Code, to reduce its wages to the minimum therein provided for, and this was not done. Plaintiff is entitled to recover the amount of the increase put into effect on July 20, 1933, in compliance with the President's appeal. National Fireproofing Corporation v. United States, 99 Ct.Cl. 608, 615.

Plaintiff is not entitled to recover the increases put into effect on March 15, 1934, and April 4, 1934. So far as the proof shows, these increases had no relation to the enactment of the National Industrial Recovery Act nor with the adoption of the Code on October 11, 1933, nor the signing of the President's Reemployment Agreement on December 8, 1933.

Defendant says the proof does not show that plaintiff filed a claim for its increased costs under its subcontract with the Marietta Manufacturing Company within the time specified by the Act of June 16, 1934, 48 Stat. 974. Prior to the completion of this contract the plaintiff undertook to secure by correspondence with the prime contractor and with the United States Engineer's Office at Memphis, Tennessee, its increased costs, but was advised that there was no authority under which it could be reimbursed. It did not file a formal claim, itemized as required, until May 10, 1935, but subsequently the Comptroller General considered this claim on its merits, although filed late. This, we held in Kawneer Co. et al. v. United States, 100 Ct.Cl. 523, 535, 540, amounted to an extension of time for the filing of the claim under the authority granted the Comptroller General by the Act of June 16, 1934, supra. This defense of defendant, therefore, cannot be sustained.

The total increased wages resulting from the enactment of the Act and properly allocable to the two contracts in question was $3,551.62. Defendant admits that plaintiff is entitled to recover the sum of $357.78, the increased price of coal used in the performance of these contracts.

Plaintiff is entitled to recover of the defendant the total sum of $3,909.40. Judgment for this amount will be entered. It is so ordered.

MADDEN and LITTLETON, Judges, and WHALEY, Chief Justice, concur.

JONES, Judge, took no part in the decision of this case.