## ADAM v. UNITED STATES.

### No. 44230.

Court of Claims.

May 7, 1945.

Fred B. Rhodes, of Washington, D. C., for plaintiff.

S. R. Gamer, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

PER CURIAM.

The court has jurisdiction of the claim. Kawneer Company et al. v. United States, 100 Ct.Cl. 523.

The proof shows that plaintiff incurred increased labor costs of $938.01 as a result of the enactment of the National Industrial Recovery Act, but the evidence fails to show what amount of increased

costs, if any, were incurred for material and overhead as a result of the enactment of that act.

Defendant says that plaintiff's compliance with the National Industrial Act Code (finding 5) was so incomplete that it would not be fair and equitable to allow it reimbursement under the act of June 25, 1938 for the increased wages of $938.01 paid from February 1934, when plaintiff subscribed to the Code and increased its hourly wage rates.

The history and purpose of the act of June 25, 1938 show that the reason or cause for the increased cost, rather than full or substantial compliance with a Code, is the basis for reimbursement set forth in that act, which provides for entry of judgment for "increased costs incurred as a result of the enactment of the National Industrial Recovery Act." McCloskey & Co. v. United States, 98 Ct.Cl. 90, 106–134. In Consumers Paper Co. v. United States, 94 Ct.Cl. 713, 720, relied on by defendant, the increased wages claimed were not allowed for the period August 25, 1933 to April 6, 1934, because plaintiff had not satisfactorily proven that such increase resulted from the enactment of the National Industrial Recovery Act. Here, however, the proof satisfactorily shows that the increased wages paid in the amount of $938.-01 resulted from the enactment of the act of June 16, 1933, and the Code promulgated thereunder. Judgment is therefore entered in favor of plaintiff for this amount. It is so ordered.