# SEABOARD AIR LINE RAILWAY *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 62. Argued March 16, 1920; restored to docket for reargument November 15, 1920; reargued April 12, 1921.—Decided June 6, 1921.

Section 3477 of the Revised Statutes, forbidding all transfers and assignments of any claim upon the United States before its allowance, etc., was intended to prevent frauds upon the Treasury, and does not apply to a transfer resulting from the consolidation of two railroad corporations whereby, pursuant to their agreement and the laws of their respective States, the rights, franchises, property, and choses in action of each are transferred to and become vested in the consolidated corporation. P. 656.

53 Ct. Clms. 107, reversed.

THE case is stated in the opinion.

*Mr. Benjamin Carter,* with whom *Mr. Frank Carter Pope* was on the brief, for appellant.

*Mr. Assistant Attorney General Davis,* with whom *Mr. Crowley Wentworth,* Special Assistant to the Attorney General, was on the brief, for the United States.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Appellant sued in the Court of Claims to recover balances for transportation services originally payable to the Florida Central & Peninsular Railroad Company, to whose rights it had succeeded through merger or consolidation. Holding that because of § 3477, Rev. Stats. (9 Stat. 41, and 10 Stat. 170), appellant could not maintain the action, that court dismissed its petition.

Section 3477—"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof."

The Seaboard Air Line Railway was originally chartered under the laws of Virginia; by authorized union with others, it became a consolidated corporation under the laws of Virginia, North Carolina, South Carolina, Georgia, and Alabama; and in 1903 under "Articles of agreement of merger and consolidation " and the statutes of Georgia and Florida (§ 2173, Code of Ga. 1895; § 2812, Gen. Stat. of Fla.), the Florida Central & Peninsular Railroad, a Florida corporation, was united with it. As agreed and provided by the laws of the two States, the rights, privileges, franchises, and all property, real, personal, and mixed, and all debts on every account, as well as stock subscriptions and other things in action belonging to each of the constituents, were transferred to and vested in the consolidated corporation without further act or deed, "as effectually as they were in the former companies."

Section 3477 has been before this court many times for construction and application. *United States* v. *Gillis*, 95 U. S. 407; *Erwin* v. *United States*, 97 U. S. 392; *Spofford* v. *Kirk*, 97 U. S. 484; *Goodman* v. *Niblack*, 102 U. S. 556; *St. Paul & Duluth R. R. Co.* v. *United States*, 112 U. S. 733; *Bailey* v. *United States*, 109 U. S. 432; *Butler* v. *Goreley*, 146 U. S. 303; *Hager* v. *Swayne*, 149 U. S. 242; *Ball* v. *Halsell*, 161 U. S. 72; *Price* v. *Forrest*, 173 U. S. 410.

In *Erwin* v. *United States, Goodman* v. *Niblack,* and *Price* v. *Forrest,* certain exceptions to the general language of the section were recognized because not within the evil at which the statute aimed. It was intended to prevent frauds upon the Treasury, and the mischiefs designed to be remedied "are mainly two: First, the danger that the rights of the government might be embarrassed by having to deal with several persons instead of one, and by the introduction of a party who was a stranger to the original transaction. Second, That, by a transfer of such a claim against the government to one or more persons not originally interested in it, the way might be conveniently opened to such improper influences in prosecuting the claim before the departments, the courts, or the Congress, as desperate cases, when the reward is contingent on success, so often suggest."

We cannot believe that Congress intended to discourage, hinder or obstruct the orderly merger or consolidation of corporations as the various States might authorize for the public interest. There is no probability that the United States could suffer injury in respect of outstanding claims from such union of interests and certainly the result would not be more deleterious than would follow their passing to heirs, devisees, assignees in bankruptcy, or receivers, all of which changes of ownership have been declared without the ambit of the statute. The same principle which required the exceptions heretofore approved applies here.

The judgment of the court below is reversed and the cause remanded with direction to afford reasonable opportunity to both sides for taking any additional proof rendered necessary by the withdrawal by the United States of a stipulation upon which reliance had been placed; and for further proceedings in conformity with this opinion.

*Reversed.*