Edirose Silk Manufacturing Company, Appellant,
  v. First National Bank and Trust Company.

Argued January 29, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*Israel Krohn,* for appellant.

*Francis Johns Gafford,* with him *Calvin F. Smith,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:

Appellant corporation, Edirose Silk Manufacturing Co., on August 18, 1936, filed its bill in equity demanding an accounting by appellee, First National Bank & Trust Co., of moneys received by it and its predecessors, Northampton Trust Co. and First National Bank of Easton, under agreements entered into with the last two mentioned banks by one Louis Sulkin, president of the silk company, individually and for and on behalf of the corporation, following the suspension of corporate business operations, owing to financial difficulties, in September of 1924.

Under an oral agreement, entered into in 1924, the Northampton Trust Company undertook to liquidate assets of the silk corporation consisting of eight parcels of real estate which, together with machinery, equipment, and supplies, including raw and manufactured silk, had been conveyed to the corporation by Sulkin subject to a $100,000 mortgage in favor of the Trust Company and upon which a second mortgage in the amount of $110,000 was thereafter, in 1922, given the bank by the corporation itself, to secure corporate indebtedness; also individual assets of Sulkin consisting of four parcels of real estate subject to a mortgage of $110,000 given the Trust Company as collateral security for the corporate debt, and building and loan shares having a matured value of $64,000 which had been pledged by Sulkin to secure the silk company's indebtedness to the bank. The proceeds realized from the liquidation of these assets

were to be applied by the bank to the payment of its claims against the silk company and against Sulkin individually. Life insurance policies taken out by Sulkin, naming the appellant corporation, his wife, or his son as beneficiary, were later, on July 8, 1926, assigned to the First National Bank of Easton, pursuant to a corporate resolution signed by Sulkin, as president of the silk corporation, and by his son, as secretary, "to secure the indebtedness of the Edirose Silk Company to said bank and Northampton Trust Co., and the indebtedness of Louis Sulkin to said institutions." The Northampton Trust Co. and the First National Bank of Easton became the appellee bank, by merger, on July 1, 1929.

Appellee bank filed an account in its original answer and supplemental answer to appellant's bill, and, in compliance with the order of the court, after hearings, filed a supplemental account. Appellant filed numerous exceptions to the accounting challenging, inter alia, the propriety of credits claimed therein for payments, out of proceeds from corporate assets, on account of the individual indebtedness of Sulkin. After taking testimony covering nearly 1,000 printed record pages and making comprehensive findings of fact and conclusions of law, the chancellor dismissed all the exceptions. The court en banc affirmed the findings and conclusions of the chancellor and entered a final order dismissing the exceptions filed thereto by appellant. The entry of this order is the only action of the court below which appellant assigns as error.

The sole question properly presented by appellant's single assignment of error and its statement of questions involved is whether the court below erred in its conclusion of law that, under the circumstances of the case, the appellee bank was justified in applying corporate assets to the payment of the individual indebtedness of Sulkin as well as to the liquidation of indebtedness strictly that of the silk corporation. It is contended by appellant that such payments constituted improper and

unauthorized diversions of corporate funds for which credit should be disallowed the accountant.

The chancellor found as a fact that the terms of the oral agreement entered into by Sulkin individually and by him for the silk company with the Northampton Trust Company, like the terms of the resolution under which the insurance policies were assigned to the First National Bank of Easton, authorized the application of the assets of the appellant corporation, as well as the individual assets of Sulkin, to the liquidation of the indebtedness of either Sulkin or the corporation, or both, to either of the two merged banks, in any way the bank chose. He further found that in fact the Edirose Silk Manufacturing Company and Louis Sulkin are one and the same legal entity to all intents and purposes and were so regarded by all parties concerned throughout the transactions in question. The chancellor found that $30,000 of stock of the appellant, held by others, was held merely as security for advancing money, saying, "True it appears from the testimony that there were other stockholders, which under other circumstances would be considered as establishing a separation of the individual from the corporation, but as the Court views it, the shares of stock held by others were held merely for the purpose of incorporation and securing money in order that the real owner could carry on the business of the plaintiff company." The authorized capitalization of the corporation is $1,000,000.

A careful review of the voluminous record in this case shows that these findings by the chancellor are well supported by competent evidence, and, in accordance with the settled rule, such findings, affirmed by the court en banc, are conclusive and binding upon this Court: *Markowitz et al. v. Markowitz et al.*, 336 Pa. 122, 136; *Bauer et al. v. Abbott et al.*, 337 Pa. 33, 34. Furthermore, since the only assignment of error is to the final decree, this Court must assume the facts as found by the court below to be complete and accurate in all respects and

only inquire whether the law has been correctly applied: *Leisey's Estate,* 280 Pa. 533, 535; *Huff's Estate,* 299 Pa. 200, 204; *Stephen's Estate,* 320 Pa. 97, 101.

It is apparent that the material questions before the chancellor were of fact rather than of law, and, in view of the findings referred to, the position of the appellant cannot be sustained. In an appropriate case and where, as here, justice to all parties requires it, this Court will not hesitate to treat as identical the corporation and the individual or individuals owning all its stock and assets. Particularly in equity, where substance is more important than form, the Court will not in a case before it permit the fiction of corporate entity to lead to an unjust result. See *Kendall v. Klapperthal Co.,* 202 Pa. 596, 607; *S. G. V. Co. v. S. G. V. Co.,* 264 Pa. 265, 269; *Stony Brook Lumber Co. v. Blackman et al.,* 286 Pa. 305, 309; *Tucker v. Binenstock,* 310 Pa. 254, 263; *Waring v. WDAS Broadcasting Sta., Inc.,* 327 Pa. 433, 442.

The present case is ruled by the decision of this Court in *Stony Brook Lumber Co. v. Blackman et al.,* supra. There a corporation filed a bill for an accounting against its former president and secretary averring that they had unlawfully received corporate property in payment for shares of stock sold by them to one Carter who was owner of the remainder of the stock of the corporation, excepting two shares standing in the name of his wife. Carter had given corporation notes and property to assist in raising the money to pay for the stock. Affirming the court below in dismissing the bill, this Court regarded the action of Carter as that of the corporation and held that, as sole owner, he could, in the absence of creditors, dispose of the corporate property as pleased him. Compare *Buse & Caldwell Dissolution Case,* 328 Pa. 211; *Markowitz et al. v. Markowitz et al.,* supra; and *McCay v. Luzerne & Carbon County Motor Transit Co.,* 125 Pa. Super. Ct. 217.

The decree appealed from is affirmed, appellant to pay the costs.