## NOVO TRADING CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 267.

Circuit Court of Appeals, Second Circuit.

July 15, 1940.

I. Newton Brozan and Aaron Holman, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Howard D. Pack, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The petitioner is a New York corporation formerly engaged in the business of dealing in furs. In September 1931 it began the process of winding up its affairs with a view to liquidation. By June 22, 1932 all its obligations had been paid and most of its physical assets disposed of. On that date its three stockholders, who were also its only officers and directors, entered into a formal written agreement which recited that they "have agreed to dissolve said corporation and liquidate its affairs" in the manner therein set forth. Contemporaneously with execution of the agreement the stock certificates were cancelled on the corporation's books, and a certificate of dissolution was executed by the stockholders and delivered to their attorney, but it was never filed with the Secretary of State. Consequently it is conceded that the corporation was not dissolved in June, 1932. It has, however, remained completely dormant since that date. The liquidation agreement provided that two of the stockholders should accept cancellation of debts owing by them to the corporation as their respective distributive shares, and that specified assets should be transferred to stockholder Halpern as his distributive share. Certain enumerated assets were excepted from the transfer to Halpern, and it was agreed that they "shall remain the property of and belong to" the three parties to the agreement, "each of them to share in the net proceeds equally." One of the excepted items was a claim against the United States for refund of illegally collected import duties which the corporation had paid under protest. This claim was allowed in 1934 and a check of the Treasury Department drawn to the order of the corporation was endorsed in its name and collected under power of attorney by the attorneys who had prosecuted the claim. They distributed equally among the three stockholders the net proceeds of the sum so collected. Taking the position that such proceeds constituted taxable income to the corporation for the year 1934, the commissioner determined the deficiency that gave rise to the present litigation. The Board has sustained his contention.

Two questions are presented: the first is whether the corporation's claim for refund of the customs duties was distributed in kind to its stockholders by virtue of the stockholders' agreement of June 22, 1932, and, if that be answered in the affirmative, the second is whether such transfer is rendered ineffective by section 3477 of the Revised Statutes, 31 U.S.C.A. § 203. The Board did not pass upon the second question, having decided the first adversely to the taxpayer.

We think it clear that the liquidation agreement was intended to effect a distribution in kind of all the remaining

**322**

assets of the corporation. Certain assets were allotted to the stockholders severally; the claim for duty refunds was allotted to them jointly, the net proceeds thereof, when collected, to be distributed in equal shares. Although the corporation was not a party thereto, the agreement represented all the evidence of transfer which the stockholders thought necessary. They had never held formal meetings nor kept corporate records of their actions as stockholders, directors or officers. · Since they were the only persons having any interest in the remaining corporate assets, there is no reason for not giving effect to their intention to have the agreement operate as an assignment by the corporation. Sheridan Electric Light Co. v. Chatham Nat. Bank, 52 Hun 575, 582, 5 N.Y.S. 529, affirmed 127 N.Y. 517, 28 N.E. 467; see O. G. Orr & Co., Inc. v. Fireman's Fund Ins. Co., 235 App.Div. 1, 3, 256 N.Y.S. 79; Reub Isaacs & Co., Inc. v. Commissioner, 1 B.T.A. 45, 48. It is immaterial that formal words of assignment are not used, if the intention to make a present transfer is clear. See Iowa Bridge Co. v. Commissioner, 8 Cir., 39 F.2d 777, 781. The provision that the items excepted from the transfer to Halpern "shall remain the property of and belong to" the parties to the agreement indicates an intention to transfer these assets to the stockholders, who were already their equitable owners, rather than an intention to retain title in the corporation, as the respondent has contended. The Board was in error in holding that the petitioner did not distribute or transfer to its stockholders its claim for refunds of customs duties.

It remains to consider whether the transfer is rendered void by the statute in respect to assignment of claims against the United States, 31 U.S.C.A. § 203. The assignment only passed legal title to parties who already owned the entire beneficial interest in the claim. Such an assignment is not within the evils at which the prohibitions of the statute are directed. Kingan & Co. v. United States, Ct.Cl., 44 F.2d 447; Consolidated Paper Co. v. United States, Ct.Cl., 59 F.2d 281; see also Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Seaboard Airline Ry. v. United States, 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149; Martin v. National· Surety Co., 300 U.S. 588, 594, 57 S.Ct. 531, 81 L.Ed. 822. Hence the assignment was valid and the refund collected in 1934 was not income of the petitioner.

Order reversed.