ROOMBERG v. UNITED STATES.
Civil Action No. 1272.

District Court, E. D. Pennsylvania.
Sept. 3, 1941.

M. J. S. Stoney, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

During the year 1933 and for several years prior thereto and thereafter until 1937, Nathan L. Roomberg, plaintiff herein, was president and treasurer and *sole stockholder* of the Ambassador Shirt Company, Inc., a Pennsylvania corporation (hereinafter designated corporation), engaged in the business of manufacturing and selling shirts at wholesale in Philadelphia, Pennsylvania.

On or about March 20, 1937, plaintiff as sole stockholder of the corporation acquired its assets and assumed its liabilities, at which time he surrendered its capital stock. The corporation thereafter ceased doing business.

On or about August 23, 1937, a quo warranto proceeding was instituted in the court of common pleas of Dauphin County, Pennsylvania, by the attorney general of the Commonwealth of Pennsylvania, for the purpose of ousting the corporation from its charter rights. As a result of these proceedings the court on September 20, 1937, entered a decree dissolving the corporation and discontinuing its franchise.

During the year 1933 there was assessed against the corporation a Floor Stock Tax on cotton articles processed wholly or in chief value from cotton, pursuant to the provisions of the Agricultural Adjustment Act of May 12, 1933, c. 25, 48 Stat. 31, Title 7 U.S.C.A. Sec. 601, et seq., in the amount of $4,718.14, which amount was paid by the corporation during the period commencing August 30, 1933, to and including March 11, 1937.

On June 30, 1937, slightly more than three months after the plaintiff had acquired the assets of the corporation and assumed its liabilities, and prior to the dissolution decree of September 20, 1937, the corporation filed a claim for refund of the Floor Stock Taxes, which claim was executed by the plaintiff as president of the corporation.

On December 7, 1938, the Commissioner of Internal Revenue advised the corporation of rejection of the claim for refund.

On December 4, 1940, Nathan L. Roomberg, trading as Ambassador Shirt Company, brought suit against the United States of America to recover the sum of $4,718.14 plus interest, alleging in his complaint that it was erroneously and wrongfully collected from the Ambassador Shirt Company, Inc.

The defendant thereupon filed its motion to dismiss on the ground that Roomberg is not the proper party plaintiff under the applicable statutes.

The statutes involved are:

Revenue Act of 1936, c. 690, 49 Stat. 1648:

"§ 902. Conditions on Allowance of Refunds

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, *of any amount paid by or collected from any claimant as tax* under the Agricultural Adjustment Act, unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under section 906, as the case may be—

"(a) That *he* bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, * * *." Title 7 U.S.C.A. § 644, 26 U.S.C.A. Int. Rev.Acts, page 960. (Emphasis supplied.)

"§ 903. Filing of Claims

"No refund shall be made or allowed of any *amount paid by or collected from any person as tax* under the Agricultural Adjustment Act unless, after the enactment of this Act, and prior to July 1, 1937, a claim for refund has been filed by *such* person in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. * * *" Title 7 U.S.C.A. § 645, 26 U.S.C.A. Int.Rev.Acts, page 960. (Emphasis supplied.)

Revised Statutes of the United States:

"Sec. 3477 [§ 203]. When Assignment of Claims Void

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of

any such claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same. * * *" Title 31, U.S.C.A. § 203.

The motion to dismiss is premised on the defendant's contentions: (1) That under Section 902 and 903 refunds can be made only to the person paying the tax, and that the tax was paid by the corporation and not by Roomberg individually; and (2) that Roomberg cannot maintain his claim as assignee of the corporation on the ground that he has not complied with the requirements of Section 3477 of the Revised Statutes, supra.

In answer, the plaintiff contends: (1) That he was at all times the real party in interest, and that as sole stockholder of the corporation he actually paid the tax; and (2) that there was a valid assignment under Section 3477.

Before disposing of the contentions of the parties, it must be stated at this point that the complaint itself does not disclose certain undisputed facts which, however, appear in the motion to dismiss and in the defendant's brief. For example, the complaint does not disclose: (1) That Roomberg was the sole stockholder of the corporation; (2) that the corporation filed the claim for refund on June 30, 1937; (3) that the corporation had actually discontinued operation and had assigned all of its assets to Roomberg on March 20, 1937, prior to the filing of the claim for refund by the corporation itself, and prior to the dissolution of the corporation on September 20, 1937.

■ I am, however, taking cognizance of these undisputed facts, despite their omission from the complaint, in accordance with and under the authority of the recent decision of the United States Circuit Court of Appeals of this Circuit, in Gallup v. Caldwell, 120 F.2d 90, 93, in which it was ruled that a "speaking" motion to dismiss is countenanced under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in situations such as exists here.

■ I am of the opinion that the motion to dismiss must be denied and that leave should be granted to the plaintiff to amend his complaint by inclusion of the pertinent undisputed facts above discussed.

The decision in Novo Trading Corporation v. Commissioner of Internal Revenue, 113 F.2d 320, is dispositive of the issue herein. In that case the United States Circuit Court of Appeals for the 2d Circuit held that an assignment by a corporation to its three stockholders (who were also its only officers and directors) prior to its dissolution, of a subsequently allowed tax refund claim, was valid and was not made ineffective by Section 3477 of the Revised Statutes.

Said the court in the Novo Trading Corporation case, 113 F.2d page 322:

"* * * Since they were the only persons having any interest in the remaining corporate assets, there is no reason for not giving effect to their intention to have the agreement operate as an assignment by the corporation. * * *

"It remains to consider whether the transfer is rendered void by the statute in respect to assignment of claims against the United States, 31 U.S.C.A. § 203. The assignment only passed legal title to parties who already owned the entire beneficial interest in the claim. Such an assignment is not within the evils at which the prohibitions of the statute are directed. Kingan & Co. v. United States, Ct.Cl., 44 F.2d 447; Consolidated Paper Co. v. United States, Ct.Cl., 59 F.2d 281; see also Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Seaboard Airline Ry. v. United States, 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149; Martin v. National Surety Co., 300 U.S. 588, 594, 57 S.Ct. 531, 81 L.Ed. 822. Hence the assignment was valid and the refund collected in 1934 was not income of the petitioner."

In the instant case it is undisputed that Roomberg was the sole stockholder in the corporation, and thus the sole beneficial owner of the assets of the corporation.

■ As was stated by the Supreme Court of Pennslyvania in Markovitz v. Markovitz, 336 Pa. 122, 126, 8 A.2d 36, 38:

"The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless. * * * A court of equity does not take a skin-deep view of a situation like that here presented. It looks to the substance of the transaction, not to its mere form or color * * * and sees things as ordinary men do."

Again, in Edirose Silk Mfg. Co. v. First National Bank & Trust Co., 338 Pa. 139, 12 A.2d 40, 42, the Supreme Court of Pennsylvania stated: "In an appropriate case * * * this court will not hesitate to treat as identical the corporation and the individual or individuals owning all its stock and assets."

See also Great Oak B. & L. A. et al. v. Rosenheim, 341 Pa. 132, 136, 19 A.2d 95, which cites with approval these cases.

■ Section 3477 of the Revised Statutes is designed to protect the United States of America against conditions which do not appear to exist in this case. As was clearly stated in the leading early case of Goodman v. Niblack, 102 U.S. 556, 560, 26 L.Ed. 229, the Supreme Court of the United States pointed out that the mischiefs designed to be remedied by Section 3477 were mainly two: "First, The danger that the rights of the government might be embarrassed by having to deal with several persons instead of one, and by the introduction of a party who was a stranger to the original transaction. Second, That by a transfer of such a claim against the government to one or more persons not originally interested in it, the way might be conveniently opened to such improper influences in prosecuting the claim before the departments, the courts, or the Congress, as desperate cases, when the reward is contingent on success, so often suggest."

In the case of Kingan & Co. v. United States, Ct.Cl., 44 F.2d 447, it was held that where there had been a consolidation of two corporations, action could be brought in the name of the reorganized company on the assignment of the claim against the United States, and that the provisions of Section 3477 did not apply. The court in its opinion stated (44 F.2d page 450):

"It has frequently been held that the section in question does not include transfers by operation of law, or by will, in bankruptcy, or insolvency. Butler v. Goreley, 146 U.S. 303, 13 S.Ct. 84, 36 L.Ed. 981. The mischiefs designed to be remedied by this provision were declared in Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229, to be mainly two * * *.

"And in Seaboard Airline Ry. v. United States, 256 U.S. 655, 41 S.Ct. 611, 612, 65 L.Ed. 1149, in which the facts disclosed that the plaintiff, by authorized union with other companies, became a consolidated corporation, and by reason of such consolidation fell heir to a claim against the United States for certain transportation services originally payable to one of the companies entering into the consolidation, the government contended that the plaintiff could not maintain the action because of section 3477, Revised Statutes (31 U.S.C.A. § 203). The Supreme Court, stating that this section of the statutes was intended to prevent frauds upon the Treasury, reiterated the mischiefs designed to be remedied stated in the previous cases, and said: 'We cannot believe that Congress intended to discourage, hinder or obstruct the orderly merger or consolidation of corporations as the various states might authorize for the public interest. There is no probability that the United States could suffer injury in respect of outstanding claims from such union of interests and certainly the result would not be more deleterious than would follow their passing to heirs, devisees, assignees in bankruptcy, or receivers, all of which changes of ownership have been declared without the ambit of the statute. The same principle which required the exceptions heretofore approved applies here.'"

In Martin v. National Surety Co., 300 U.S. 588, page 594, 57 S.Ct. 531, page 534, 81 L.Ed. 822, the Supreme Court of the United States sustained the validity of a payment of a claim against the United States despite failure to comply with the provisions of R.S. Sec. 3477, stating: "The provisions of the statute making void an assignment or power of attorney by a Government contractor are for the protection of the Government. * * *"

■ And on page 596 of 300 U.S., page 534 of 57 S.Ct., 81 L.Ed. 822: "The advocates of literalism find color of support

in a line of decisions made in very different circumstances from these, but tending nonetheless to a strict construction of the statute. * * * Another line of cases exhibit an opposing tendency. * * * *These cases teach us that the statute must be interpreted in the light of its purpose to give protection to the Government.*" (Emphasis supplied.)

Obviously, in this case, the government has to deal with only one real party in interest and cannot possibly be subjected to any claim by any other source. Substantial justice requires that the motion to dismiss be denied, and accordingly the motion is denied and leave is granted to the plaintiff to file an amended complaint within twenty days from the date of the filing of this opinion, and upon failure to file such amended complaint within the time stated the motion to dismiss will be granted.