GUARDIAN LIFE INS. CO. OF AMERICA
v. UNITED STATES.

No. 45855.

Court of Claims.

June 2, 1947.

JONES, Judge.

This suit was instituted for the recovery of Social Security taxes alleged to have been overpaid for the years 1936 and 1937. While three issues are set out in the petition, two of them have been conceded by the defendant which leaves as the one issue to be decided whether plaintiff is entitled to

credit against taxes imposed by Title IX of the Federal Social Security Act sums which it was obliged to contribute to State unemployment funds with respect to persons who were deemed to be employees under the State laws but were deemed not to be employees under the Federal Social Security Act.

Plaintiff is a mutual insurance company which employs certain individuals who function in the dual capacity of supervisors and soliciting insurance agents. These individuals receive a stated salary for services performed by them as supervisors and also commissions on insurance solicited by them. The Commissioner of Internal Revenue originally ruled that the total compensation received (salaries and commissions) for 1936 and 1937 constituted taxable wages within the meaning of the Social Security Act and imposed taxes accordingly.

The Commissioner has now reversed his position with regard to the taxability of the commissions received by such individuals and the defendant accordingly concedes

Joseph H. Crown, of New York City, and Wilton Wallace, of Washington, D. C. (Colladay, Colladay & Wallace and Henry F. Lerch, all of Washington, D. C., and Joseph Eisner, of New York City, on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Sewall Key, Acting Asst. Atty. Gen. (Andrew D. Sharpe, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

that plaintiff is entitled to recover $457.42 on this issue.

For the year 1936 plaintiff paid into the unemployment fund of the State of Colorado an amount for which it claimed credit against its Federal Social Security tax liability but the Commissioner refused to allow $14.76 of the amount claimed because of insufficient evidence of the payment of that amount to the State. The necessary evidence to establish the payment has been adduced in this proceeding and defendant now concedes that the plaintiff is entitled to recover that sum.

In redetermining plaintiff's tax liability for the calendar years 1936 and 1937 under Title IX of the Social Security Act, the Commissioner disallowed credit against the tax imposed by Section 901 of the Social Security Act for contributions paid by plaintiff into the State unemployment fund with respect to individuals (general agents, their employees and soliciting agents) who are not deemed to be plaintiff's employees under the Federal Social Security Act but are deemed plaintiff's employees under the respective State unemployment laws. Whether credit should be allowed for such contribution is the sole issue before the court.

Section 902, Title IX, of the Social Security Act enacted in 1935, 49 Stat. 620, 639, provides as follows:

"Sec. 902. The taxpayer may credit against the tax imposed by section 901 the amount of contributions, with respect to employment during the taxable year, paid by him (before the date of filing his return for the taxable year) into an unemployment fund under a State law. The total credit allowed to a taxpayer under this section for all contributions paid into unemployment funds with respect to employment during such taxable year shall not exceed 90 per centum of the tax against which it is credited, and credit shall be allowed only for contributions made under the laws of States certified for the taxable year as provided in section 903."

By reason of the definition of employment given in Section 907 of the same act, the phrase "with respect to employment" set out in that act prevented the allowance of a credit for contributions made under a State law with respect to services not covered by the Federal Social Security Act. In other words, under that act, even though a taxpayer was required by State law to make payments into State unemployment funds with respect to individuals who were considered his employees under the State act, he could not receive credit for such payments under Section 902 unless such individuals were deemed to be plaintiff's employeees under the Federal Social Security Act. That condition continued until amendments were made by the Social Security Tax Amendments of 1939, 53 Stat. 1360, 1387, wherein Section 609 amended Section 1601 of the Internal Revenue Code, 26 U. S.C.A. Int.Rev.Code, § 1601, to read in part as follows:

"Sec. 1601. Credits Against Tax.—(a) Contributions to State Unemployment Funds.

"(1) The taxpayer may, to the extent provided in this subsection and subsection (c), credit against the tax imposed by section 1600 the amount of contributions paid by him into an unemployment fund maintained during the taxable year under the unemployment compensation law of a State which is certified for the taxable year as provided in section 1603."

A comparison of the above statute with Section 902 quoted above shows that the significant phrase "with respect to employment" which appears in the earlier act does not appear in the later act. With that phrase eliminated, the 1939 amendment allowed the taxpayer to credit against the tax the contributions which it paid under a State law without any limitation as to the Federal definition of the term "employment." That section, however, related only to the tax with respect to services rendered in 1939 and thereafter. With respect to the years 1936, 1937, and 1938, a liberalization was provided in the same act but it merely extended the time for taking the credit and in so providing made it applicable only for "the amount of contributions, with respect to employment during [such] year, paid by him into an unemployment fund under a State law." In other words, in

making the liberalization for 1939 and subsequent years in order to permit credit on the basis of the amount paid into the State unemployment fund without regard to whether such employees would be considered employees under the Federal Social Security Act, Congress saw fit to eliminate the phrase "with respect to employment" and when it came to make a liberalization in the same act applicable to the years 1936, 1937, and 1938 only with respect to the time of payment it continued the use of this critical phrase.

That situation continued until the enactment of the Second Revenue Act of 1940, 54 Stat. 974, 26 U.S.C.A. Int.Rev.Acts, page 21 et seq. When that act was before the Senate, an amendment was offered by Senator Clark which had for its only stated purpose the extension of time within which taxpayers might claim credit for Social Security taxes paid to States for the years 1936 to 1939, inclusive, that is, a time limitation similar to that contained in the 1939 amendment for these earlier years. No attempt was made in the amendment as submitted to change the service limitation as was done in the 1939 amendment for 1939 and subsequent years. The amendment as offered and adopted continued the use of the phrase "with respect to employment." However, when the bill went to conference the amendment as offered by Senator Clark was rewritten and enlarged in many particulars to the end that Section 701(a) as enacted read as follows:

"Allowance of Credit.—Against the tax imposed by section 901 of the Social Security Act for the calendar year 1936, 1937, or 1938, or against the tax imposed by the Federal Unemployment Tax Act for the calendar year 1939, any taxpayer shall be allowed credit for the amount of contributions paid by him into an unemployment fund under a State law".

It will be noted that this section as finally enacted does not contain the limiting phrase "with respect to employment" which appeared in the earlier acts and had prevented an allowance of a credit for contributions made under a State law unless such services came within the meaning of the Federal Social Security Act.

Both parties seem agreed that the credit now claimed by plaintiff for the years 1936 and 1937 was not allowable prior to the enactment of the Second Revenue Act of 1940 just referred to. Plaintiff's position is that the failure to have included in the 1940 statute the phrase "with respect to employment", which had theretofore confined the credit to contributions with respect to those employees who were deemed plaintiff's employees under the Federal Social Security Act, makes necessary the conclusion that contributions with respect to employees who satisfy the State requirements are allowable as a credit. On the other hand, the defendant contends that the 1940 amendment did not enlarge the character of the credit but merely extended the time within which credit might be taken for these earlier years.

We agree with plaintiff. As heretofore shown, the particular provision in each of the revenue acts which has limited the credit to those employees who were deemed employees within the meaning of the Federal Social Security Act has been the phrase "with respect to employment"; and in the 1939 amendment, when Congress came to permit the credit on account of contributions for 1939 and subsequent years with respect to employees who satisfied the State requirements but did not satisfy the definition of employment under the Federal Social Security Act, that phrase was omitted, from which it seems clear that the words "with respect to employment" were considered by Congress as words of art which had a particular significance. When, therefore, the provision in the Second Revenue Act of 1940 was enacted and provided that a taxpayer should be allowed credit for the calendar years 1936, 1937, or 1938 "for the amount of contributions paid by him into an unemployment fund under a State law" without having this limiting phrase added thereto as in the previous act, it is reasonable to conclude that the credit was to be allowed with respect to all contributions paid into the unemployment fund under the State law without regard to the Federal definition of employment. It is true, as defendant points out, that the proponent of the amendment which gave rise to the 1940 provision did not have such a broad pur-

pose in mind when he introduced his amendment, and his amendment as offered and adopted by the Senate continued the use of the limiting phrase mentioned. However, when Congress came to rewrite the provision in conference a much broader provision was enacted which we are convinced not only accomplished the purpose of the proponent of the amendment but in addition gave to taxpayers the same kind of a credit for the years prior to 1939, which had theretofore been provided for 1939 and subsequent years. In view of the significance which had theretofore been given to the phrase "with respect to employment", it seems unreasonable to conclude that Congress would have enacted a provision corresponding to that which had been enacted in the prior years and would have omitted therefrom this critical phrase without having intended that full significance should be attached to that omission.

A further contention is made by the defendant that while the phrase "with respect to employment" was omitted from the statute as enacted in 1940, suitable language was employed to preserve the limitation upon the credit as intended by the amendment as offered. In that connection defendant calls attention to a part of the act which says that "the provisions of the Social Security Act in force prior to February 11, 1939 (except the provision limiting the credit to amounts paid before the date of filing returns) shall, with respect to the tax for the calendar year 1936, 1937, or 1938, apply to allowance of credit under this section * * *"; and "The terms used in this subsection shall, with respect to the tax for the calendar year 1936, 1937, or 1938, have the same meaning as when used in Title IX of the Social Security Act prior to February 11, 1939, * * *." An examination of the statute shows that similar provisions appeared in the 1939 amendment under which the enlarged credit was given for 1939 and subsequent years. Besides, plaintiff is not asking that some different or liberalized definition of the term employment be given. What plaintiff says is that when Congress omitted the critical phrase, full significance must be given to such omission in the light of the past legislative history of these provisions. The liberalization took place through the omission of the critical phrase and not by any change in the meaning of the terms.

Provisions similar to that referred to in the Second Revenue Act of 1940 were included in the Revenue Acts of 1941, § 701, and 1943, § 602, 26 U.S.C.A. Int.Rev.Acts, pages 143, 489, and in both of these acts the phrase "with respect to employment" was likewise omitted. The first of these acts extended the time for credit for the years 1936, 1937, or 1938 for sixty days after the enactment of that act, and the Revenue Act of 1943 provided that the credit for those years should be allowed regardless of the time when the contributions were made. In addition, however, in both acts by the omission of the phrase in question which had theretofore limited the credit allowance, we think it clear that Congress intended that not only should there be the time extensions expressly referred to but also that the liberalization of the service limitation should be applicable for the years prior to 1939 in the same way it had been expressly provided for with respect to 1939 and subsequent years.

It accordingly follows that plaintiff should be allowed credit against the tax imposed by Section 901 of the Social Security Act for the calendar years 1936 and 1937 for contributions paid into State unemployment funds with respect to its general agents, their employees and soliciting agents, which individuals are deemed employees under the respective State unemployment laws even though such individuals are not deemed plaintiff's employees under the Federal Social Security Act. Judgment will accordingly be entered on this issue in favor of plaintiff in the amount of $5,952.42, representing taxes overpaid plus assessed interest paid. In addition, plaintiff is entitled to judgment on the two items conceded by the defendant and heretofore mentioned, namely, $457.42 and $14.76, with interest as provided by law.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.