## NAYLOR et al. v. UNITED STATES.
### No. 13025.

United States District Court
S. D. California, Central Division.

Jan. 24, 1952.

O'Connor & O'Connor, Los Angeles, Cal., for plaintiffs.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys. Bureau of Internal Revenue, all of Los Angeles, Cal., for United States.

HARRISON, District Judge.

Plaintiffs doing business in the County of Los Angeles under the firm name of "The Beverly Hills Club", seek to recover taxes paid during the period of June 1, 1947 to January 31, 1950, under Section 1700(e) of the Internal Revenue Code, 26 U.S.C.A. § 1700(e).

Prior to December 31, 1947, Mr. A. E. Sutherland was associated with plaintiffs in this venture. On that date he sold his interest in the partnership to W. A. Naylor. Thereafter, the plaintiffs continued doing business under the said fictitious name.

The evidence disclosed that the club is operated for the sole financial benefit of the plaintiffs. The plaintiffs and Sutherland organized the club. All applications for membership are passed on by either one of the plaintiffs. Guest cards are issued at the request of a member, only after Connors or the manager of the club have approved them. The initiation fee is $120.00 and monthly dues are $7.20. Plaintiffs paid the tax imposed by Section 1700(e) together with the tax applicable to dues of social clubs. Section 1710 Internal Revenue Code, 26 U.S.C.A. § 1710. Among the facilities

offered to the members are a gymnasium, a steam room, handball courts, dining rooms, a squash court, masseurs, and other services commonly available in private clubs. At all times there was someone stationed near the entrance of the club to prevent non-members or persons without guest cards from entering the premises. A brochure issued by the plaintiffs describes the club as "a private organization for members only". The atmosphere created by the plaintiffs was one which is best summed up by a prominent sign displayed in front of their building stating "Members Only".

Dances were held at various times, and it was on these that the tax of Section 1700(e) was imposed. Mr. Connors testified that these dances, along with fashion shows, handball tournaments and the like were among the facilities offered for the members and their wives. At all times admittance to the club and to these activities and facilities was limited to the members and their guests.

Under the facts, the tax of Section 1700(e) should not have been imposed. The section imposes a tax on "any roof garden, cabaret, or other similar place furnishing a *public* performance for profit". (Emphasis supplied.) There is no such public performance here. U. S. v. Lambeth, 9 Cir., 176 F.2d 810.

The government contends that that portion of the tax accruing prior to January 1, 1947 by reason of the transfer by Sutherland to Naylor of his interest in the partnership assets, constituted an assignment or transfer within the prohibition of the "anti-assignment" statute. R.S. 3477, 31 U.S.C.A. § 203. Plaintiff asserts that the transfer is not void inasmuch as it comes within the "operation of law" exception to the statute. U. S. v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229; Seaboard Air Line R. Co. v. U. S., 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149; Pantex Pressing Machine, Inc. v. U. S., 71 F.Supp. 859, 108 Ct.Cl. 724. These cases, however, involve a transfer of the claim by reason of a corporate dissolution, merger or consolidation, or by reason of subrogation via the debtor-surety relationship. Under such conditions, the transfer of the claim to the successor corporation or to the surety is accomplished by "operation of law". The transfer in this case was not by "operation of law". It was accomplished by the voluntary acts of the parties. The withdrawal of Sutherland from the partnership automatically dissolved that partnership. At that point, by "operation of law", part of the claim for refund went to Sutherland. Sutherland then transferred that interest to Naylor. Equally inapplicable are the cases where legal title to the claim is transferred to those who already own the entire beneficial interest therein. Roomberg v. U. S., D.C., 40 F.Supp. 621; Novo Trading Corp. v. C. I. R., 2 Cir., 113 F.2d 320; Mitchell Canneries v. U. S., 77 F.Supp. 498, 111 Ct.Cl. 228. The plaintiffs did not own the entire beneficial interest in the claim for 1947.

Although the language of Goodman v. Niblack, 102 U.S. 556, 26 L.Ed. 229 and some of the earlier cases does not include an assignment such as this among the evils at which the statute is aimed, the more recent words of the Supreme Court emphasize a newer test, that of multiple liability and the possibility of conflicting claims. In Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 534, 81 L.Ed. 822, the court stated: "The provisions of the statute making void an assignment or power of attorney by a Government contractor are for the protection of the Government. * * * In the absence of such a rule, the Government would be in danger of becoming embroiled in *conflicting claims,* with delay and embarrassment and *the chance of multiple liability*". (Emphasis supplied.)

And in the very recent case of U. S. v. Shannon, 72 S.Ct. 281, 283, the court reviewed the purposes of the act, stating them to be: " 'to prevent persons of influence from buying up claims against the United States, which might then be improperly urged upon officers of the Government,' and that a second purpose was *'to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant.'* Other courts have found yet an-

other purpose of the statute, namely, to save to the United States 'defenses which it has to claims by an assignor by way of set-off, counter claim, etc., which might not be applicable to an assignee.'" (Emphasis supplied.)

The anti-assignment statute precludes plaintiffs from recovering any part of the tax paid for 1947. Sutherland is not before this court, and no decision as to the validity of an agreement or his interest in the partnership prior to December 31, 1947 would be binding on him. His is the possible conflicting claim and to him may be due the multiple liability of which the Supreme Court has spoken.

Plaintiffs are entitled to recovery of the amounts paid during the period from January 1, 1948 through January 31, 1950, together with interest thereon as provided by law.

Counsel for plaintiffs is directed to present proposed findings and judgment for my signature under the rule in conformity with the opinions herein expressed.