**SCHRADER et al. v. O'MALLEY.**
**Civ. No. 17–52.**

United States District Court
D. Nebraska, Omaha Division.
March 29, 1954.

A. P. Madgett and James D. Conway, Hastings, Neb., for plaintiffs.

Donald R. Ross, U. S. Atty., Omaha, Neb. (H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Fred J. Neuland, Sp. Assts. to Atty. Gen., Donald R. Ross, U. S. Atty., Dist of Nebraska, Omaha, Neb., on the brief), for defendant.

DONOHOE, Chief Judge.

This is an action by plaintiffs to recover $300.15, representing cabaret tax, penalty and interest, assessed and collected by the Collector of Internal Revenue in this district for the month of August, 1950, under the provisions of Section 1700(e), Internal Revenue Code, 26 U.S.C.A. § 1700(e). A timely claim for refund was filed and all conditions precedent to institution of this action by plaintiffs have been satisfied. See 26 U.S.C.A. § 3772. Trial was had to the court sitting without a jury and the court makes the following special

## Findings of Fact

During the year 1950, and for several years prior thereto, plaintiff Robert C. Schrader was a resident of Hastings, Nebraska. (Complaint par. 2.) Plaintiff Ivanhoe Club was organized as a non-profit, non-stock corporation under the laws of the State of Nebraska on August 2, 1945, for the purpose of providing, through membership, recreational, social, dining and refreshment facilities.

Several years after the club was organized, the premises which it occupied were completely destroyed by fire. By agreement between counsel for the respective parties and with the concurrence of the court, James D. Conway, an attorney who organized the club, made a statement with respect to the original organization of the club. He stated that, pursuant to the articles of incorporation, an original organizational meeting was held, which he attended as counsel for the club, and that a board of directors was elected; that by-laws of the club were drafted by the board of directors and that formal minutes of this meeting and subsequent meetings, as well as the by-laws, kept on the club premises, had

been destroyed at the time the club premises were destroyed by fire. Based upon an original written office memorandum of the meeting, Mr. Conway stated that the original by-laws, among other things, provided for the manner in which an applicant for membership to the club might submit his application; how the application was to be voted on, the rules governing the issuance of membership cards and the privileges to be afforded to members, and that, according to the by-laws, the privileges of the club were to be restricted to its members and their invited guests. He further stated that following the destruction of its premises by fire, the club arranged to move to its present premises in Hastings, Nebraska.

On July 20, 1949, a meeting of the board of directors of the club was held, at which time the resignation of the president and former manager of the club was accepted. Immediately following the directors' meeting, a meeting of the members of the club was held for the purpose of electing a new board of directors and to draw up new by-laws for future operation of the club. Following the election of five new directors, the board adopted new by-laws for the future operation of the club.

On July 20, 1949, pursuant to arrangements theretofore made between plaintiff Schrader and the former manager of the club, a lease was entered into between Schrader and the owner of the property which the club occupied during the period involved.

The by-laws of the club provided, among other things, that the annual membership fee would be $5, that memberships in the club had to be approved by the board of directors and that the affairs of the club were to be conducted by a Board of five directors elected by the members. At the above meeting, the board of directors approved the agreement entered into with the club and plaintiff Schrader to operate the club premises as manager, with suitable equipment to be furnished by Schrader, and that as rental the club agreed that Schrader was

 

to receive any and all revenue derived from the use of these facilities by the club, including membership dues. Plaintiff Schrader was also at that time elected president and Melvin Kious was elected Secretary and Treasurer of the club. During the period involved the club had a membership of 201.

The evidence further showed that in addition to the social, dining and refreshment facilities provided for the members in the building leased by plaintiff Schrader, a space approximately 12 feet by 20 feet was reserved for dancing and music was furnished by an electric organ owned and usually operated by Mr. Kious, secretary and treasurer of the club. The club was open from 6:00 p. m. to 1:00 a. m. daily and the doors were kept locked at all times. In order to gain admittance a push button buzzer was provided near the outer door which summoned an attendant who admitted the member after displaying his membership card, or upon recognition if known to the attendant as a member in good standing. Guests were admitted to the club either by being accompanied by a member or by pre-arranged appointment, under which circumstances the guest was provided with a guest card. The membership of the club consisted for the most part of business and professional men in and around the city of Hastings, Nebraska.

The reopening of the club at its new premises in Hastings was advertised in the Hastings Daily Tribune on August 30, 1949, and August 31, 1949. On August 17, 1950, an advertisement also appeared in the Hastings Daily Tribune announcing the closing of the club for vacation and painting, and on September 1, 1950, an advertisement appeared, announcing the reopening of the club on that date.

As a result of an investigation made, the Commissioner of Internal Revenue ruled that the Ivanhoe Club was subject to cabaret tax within the meaning of Section 1700(e), Internal Revenue Code, as amended. On the basis of this ruling, an admissions tax return for the month

of August, 1950, was filed disclosing cabaret tax, penalty and interest in the amount of $300.15, which was paid on December 18, 1950. On January 8, 1951, plaintiffs filed a claim for refund of $300.15. At the time the present suit was instituted, more than six months had elapsed since the filing of the claim.

### Discussion

The Ivanhoe Club was not open to the public. It was without question a private club. Consequently, Schrader was not serving the public and was not furnishing a public performance for profit within the meaning of 1700(e) (1), Title 26, U.S.C.A. United States v. Lambeth, 9 Cir., 1949, 176 F.2d 810; Naylor v. United States, D.C.S.D.Cal.1952, 102 F. Supp. 309. The tax was unlawfully and erroneously assessed by the Collector and plaintiffs are entitled to a refund.

Counsel for plaintiffs shall prepare and submit for approval the appropriate judgment to be entered in accordance with this memorandum.