**UNITED STATES of America, Petitioner-Plaintiff,**

v.

**IMPROVED PREMISES LOCATED AT the NORTHWEST CORNER OF IRVING PLACE AND SIXTEENTH STREET, known as 111 East Sixteenth Street, etc., and 396 Corp., et al., Defendants.**

United States District Court
S. D. New York.
May 11, 1962.

Harry T. Dolan, Sp. Asst. to Atty. Gen., Brooklyn, for petitioner-plaintiff.

Donner, Perlin & Piel, New York City, Arnold, Fortas & Porter, Washington, D. C., for Samuel E. Aaron and Jacob Freidus.

FREDERICK van PELT BRYAN, District Judge.

The moving parties here, Freidus and Aaron, were the sole stockholders of 396 Corp., a New York corporation which has been dissolved. As such stockholders they received on dissolution by way of transfer from the corporation all of the corporate assets. Included among the assets of 396 Corp. so transferred was a lease of the improved premises known as 111 East Sixteenth Street. These premises are the subject matter of this condemnation proceeding for use and occupancy instituted by the Government.

On this motion Freidus and Aaron, as holders of the lease on the premises, seek an order directing that they be made defendants in the proceeding. They had also sought an order directing the payment to them of monthly sums for the Government's use and occupancy of the premises from the amount deposited by the Government with the clerk of the court as the estimated just compensation for such use and occupancy. However, an order was entered on their application withdrawing that portion of their motion. There remains only the question of whether they may be made parties to the proceeding as they request.

The Government opposes such relief, asserting that the transfer of the leasehold to Aaron and Freidus on dissolution of 396 Corp. was a prohibited assignment of a claim against the United States under the Assignment of Claims Act (31 U.S.C.A. § 203), and that therefore Freidus and Aaron cannot assert a claim to compensation against the Government for the taking of the use and occupancy of the premises in this condemnation proceeding and are not proper parties defendant.

On March 18, 1958, the Government instituted the present proceeding for the taking of the use and occupancy of the premises 111 East Sixteenth Street for office quarters and related purposes for a term from July 1, 1958, through June 30, 1959, extendible at the election of the Government for yearly periods thereafter to June 30, 1962. There had been prior proceedings of the same nature under which the Government had occupied these premises continuously from 1947 until June 30, 1958. The Government has continued its occupancy since the latter date.

In the present proceeding the issues as to just compensation for use and occupancy up to June 30, 1960 have been tried before Judge Knox and determined by him. The Government has filed elections

to take for an additional two year period ending July 30, 1962. The trial of the issue as to just compensation for this additional period was called before Judge Knox but has been adjourned from time to time and has not yet been heard.

On or about June 6, 1961, 396 Corp., which was the fee owner of the premises at the time this proceeding was instituted, and during the previous proceedings, conveyed the property to Benjamin Kaufman and Nathan P. Jacobs, who, at the same time, executed and delivered to 396 Corp. a leaseback of the entire premises for a period commencing June 1, 1961 and ending May 31, 1982, with options of renewal. The deed of conveyance from 396 Corp. to Kaufman and Jacobs provided that the conveyance was subject to the rights of the United States pursuant to the condemnation proceeding and judgment taking the use and occupancy of the premises.

Thereafter the Government amended its complaint to join Kaufman and Jacobs as parties defendant in the proceeding.

It appears from the moving papers that at a special meeting of directors and stockholders of 396 Corp. held on September 19, 1960, the officers and directors were authorized and directed to satisfy or make provision for all corporate liabilities, to transfer to the stockholders pro rata, in cash or in kind or both, the remaining assets of the corporation in exchange for the stock held by the stockholders and to file a certificate of dissolution of the corporation under New York law. Freidus and Aaron, the sole stockholders, each held one share of stock in the corporation. On December 5, 1960 the certificate of dissolution, pursuant to Article 10 of the New York Stock Corporation Law, McKinney's Consol.Laws, c. 59, was executed and thereafter filed with the New York Secretary of State, as required by law. Pursuant to this plan of dissolution all of the assets of the corporation were assigned to Freidus and Aaron in consideration of the surrender to the corporation of their stock. Such assets included the lease obtained by 396 Corp. under the sale and leaseback ar-

rangement with Jacobs and Kaufman of the premises 111 East Sixteenth Street, which are the subject matter of this proceeding.

Notice of this assignment was given to the Government with the request that the Government consent to the amendment of the complaint in the proceeding by adding Freidus and Aaron as additional parties defendant having an interest in the premises. Thereafter on October 27, 1961 the Government filed in this court an amendment to the complaint joining "as parties defendant Jacob Freidus and Samuel E. Aaron, c/o 396 Corp., 45 Crosby Street, New York, New York, by virtue of an assignment made by 396 Corp. executed on September 15, 1961." Apparently, however, they were never served with the complaint as so amended.

There ensued the controversy with the Government as to whether the monthly sums for the use and occupancy of the premises from the estimated just compensation for such use and occupancy deposited with the court by the Government should be paid to Freidus and Aaron rather than to the dissolved 396 Corp. The motion now before me was then made by Freidus and Aaron under F.R. Civ.P. Rule 71A(c) (2), 28 U.S.C.A. to be joined as additional parties defendant. Despite the amendments to its complaint making Freidus and Aaron as well as Jacobs and Kaufman, parties defendant, the Government strenuously opposes the granting of the relief sought by Freidus and Aaron on the ground that the assignment of the leasehold to them by 396 Corp. was prohibited by the Assignment of Claims Act.

Rule 71A(c) (2) provides:

"Upon the commencement of the [condemnation] action, the plaintiff need join as defendants only the persons having or claiming an interest in the property whose names are then known, but prior to any hearing involving the compensation to be paid for a piece of property, the plaintiff shall add as defendants all

persons having or claiming an interest in that property whose names can be ascertained by a reasonably diligent search of the records * * and also those whose names have otherwise been learned."

Plainly, Freidus and Aaron are persons having an interest in the property which is the subject matter of the action and their claims are known. Their right to be made parties defendant is absolute unless, as the Government contends, they are barred from asserting this claim by virtue of the Assignment of Claims Act, 31 U.S.C.A. § 203, which reads as follows:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof."

██ Despite what appears to be the absolute language of the statute the courts have restricted its application to voluntary assignments. As stated in Thompson v. Commissioner of Internal Revenue, 205 F.2d 73, 76 (3 Cir. 1953):

"It has been restricted in its application to voluntary assignments. Transfers by operation of law; assignments for the benefit of creditors; and transfers by judicial order are not within the statute. Nor does the statute apply to subrogees. It has been held inapplicable * * [in cases involving] a transfer resulting from the consolidation or the merger of two corporations, or a distribution in kind to stockholders upon dissolution."

See, also, Ozanic v. United States, 83 F. Supp. 4, 6 (S.D.N.Y.1949). The purposes of the Assignment of Claims Act were to secure the Government against embroilment in multiple claims and subjection to possible double liability; (2) to insure that the Government will be able to avail itself of rights of setoff or cross-claims against the original claimants; and (3) to prevent persons of influence from buying up claims against the United States, which might then be improperly urged upon officers of the Government. See Seaboard Air Line Railway v. United States, 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149 (1921); United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

Here the Government has not shown that the assignment of the lease of these premises to Freidus and Aaron as a result of the dissolution of 396 Corp. will prejudice its rights, increase its difficulties or result in any of the evils the Act was designed to prevent. Indeed, the contrary is indicated by the Government's own prior amendment of its complaint to add Jacobs and Kaufman as additional parties defendant after the sale and leaseback transaction between them and 396 Corp., as well as by its amendment of the complaint to include Freidus and Aaron after the assignment of the lease to them in dissolution.

██ It is well recognized that the Assignment of Claims Act does not prohibit assignments to stockholders of a closely held corporation in the course of distribution. In such instances the stockholders are already the beneficial owners of the claim and their interests for all practical purposes are identical with those of the dissolved corporation. See Novo Trading Corporation v. Commissioner of Internal Revenue, 113 F.2d 320 (2 Cir. 1940), where it was said of an assignment in dissolution (p. 322):

"The assignment only passed legal title to parties who already owned the entire beneficial interest in the claim. Such an assignment is not

within the evils at which the prohibitions of the statute are directed."

The rule laid down in the Novo case is of broad application and has been adopted generally by the federal courts. See, e. g., Commissioner of Internal Revenue v. Henry Hess Co., 210 F.2d 553, 556 (9 Cir. 1954); Thompson v. Commissioner of Internal Revenue, supra; Wells Fargo Bank & Union Trust Co. v. United States, 115 F.Supp. 655, 658 (N.D. Cal.1953), aff'd 9 Cir., 225 F.2d 298, cert. den. 350 U.S. 947, 76 S.Ct. 322, 100 L.Ed. 836; Naylor v. United States, 102 F. Supp. 309, 310 (S.D.Cal.1952); Interwoven Stocking Co. v. United States, 52 F.Supp. 966, 969 (D.N.J.1943), aff'd 3 Cir., 144 F.2d 768; Kentucky Joint Stock Land Bank v. Glenn, 46 F.Supp. 400, 402 (W.D.Ky.1942); Roomberg v. United States, 40 F.Supp. 621, 623 (E.D.Pa. 1941); Mitchell Canneries v. United States, 77 F.Supp. 498, 504, 111 Ct.Cl. 228 (1948).

There is no merit in the Government's contention that United States v. Dow, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958) and United States v. Shannon, 342 U.S. 288, 72 S.Ct. 281, 96 L.Ed. 321 (1952) dictate a different result. These cases do not overrule the cases which I have just cited. Indeed, both cases recognized that there were assignments excepted from the Act and not within its prohibitions.

In both the Dow and the Shannon cases the party barred from asserting a claim under the Act was a stranger purchasing for value the fee interest from an original owner, who, at the time of transfer, had an existing or potential claim against the United States. Both the transactions held to be prohibited by the Act led potentially, if not actually, to the very evils at which the Act was aimed. That is not so here.

The assignment by virtue of which Freidus and Aaron seek to be joined as parties defendant in this action arising, as it does, by virtue of the dissolution of a closely held corporation and the distribution of its assets to its sole stockholders, comes within a well recognized exception to the Assignment of Claims Act and is not within its prohibitions. Freidus and Aaron stand in the shoes of 396 Corp. Having an interest of this nature in the premises they are entitled to be made parties defendant to this proceeding under Rule 71A(c) (2). Their motion for such relief is granted.

Settle order on notice.